Booth, Judge,
delivered the opinion of the court:
The facts in this case are stipulated. The suit is for the recovery of certain excess-profits taxes paid under protest by a foreign corporation. No jurisdictional issue is raised. The plaintiff, a foreign corporation, incorporated under the laws of Great Britain, was engaged during the year 1919 in publishing and selling books. In May, 1920, plaintiff filed its income-tax return for the calendar year 1919. The return disclosed a net income of $4,524.60, and invested capital employed in the United States for the year 1919 of $30,180.67. Plaintiff, in computing the amount of its excess-profits tax, arrived at the same by applying to its net income the provisions of section 302 of the revenue act of 1918. Section 301 of Title III of the revenue act of 1918, 40 Stat. 1088, provides as follows:
“ Sec. 301. * * *
“(b) For the taxable year 1919 and each taxable year thereafter there shall be levied, collected, and paid upon the net income of every corporation (except corporations taxable under subdivision (c) of this section) a tax equal to the sum of the following: * * * ”
On the same page of the statutes, section 302 is found. Its provisions are as follows:
“ That the tax imposed by subdivision (a) of section 301 shall in no case be more than 30 per centum of the amount of the net income in excess of $3,000 and not in excess of $20,000, plus 80 per centum of the amount of the net income in excess of $20,000; the tax imposed by subdivision (b) of section 301 shall in no case be more than 20 per centum of the amount of the net income in excess of $3,000 and not in excess of $20,000, plus 40 per centum of the amount of the net income in excess of $20,000; and the above limitations shall apply to the taxes computed under subdivisions (a) and (b) of section 301, respectively, when used in subdivision (c) of that section. Nothing in this section shall be construed in such manner as to increase the tax imposed by section 301.”
The plaintiff’s excess-profits tax, computed according to section 302, amounts to $304.92, and its total income and excess-profits tax, computed on the same basis, amounts to $726.89.
*368 On November 1, 1924, the commissioner reviewed plaintiff’s return and assessed a deficiency tax of $271.31, predicating his right so to do upon sections 327 and 328 of the-revenue act of 1918.
Sections 327 and 328, 40 Stat. 1093, are in terms as follows:
“ Sec. 327. That in the following cases the tax shall be determined as provided in section 328:
“(a) Where the commissioner is unable to determine the invested capital as provided in section 326;
“(b) In the case of a foreign corporation;
“(c) Where a mixed aggregate of tangible property and intangible property has been paid in for stock or for stock and bonds and the commissioner is unable satisfactorily to determine the respective values of the several classes of' property at the time of payment, or to distinguish the classes of property paid in for stock and for bonds, respectively;
“ (d) Where upon application by the corporation the commissioner finds and so declares of record that the tax if determined without benefit of this section would, owing to abnormal conditions affecting the capital or income of the corporation, work upon the corporation an exceptional hardship-evidenced by gross disproportion between the tax computed without benefit of this section and the tax computed by reference to the representative corporations specified in section 328. This subdivision shall not apply to any case (1) in which the tax (computed without benefit of this section) is high merely because the corporation earned within the taxable year a high rate of profit upon a normal invested capital, nor (2) in which 50 per centum or more of the gross-income of the corporation for the taxable year (computed under section 233 of Title II) consists of gains, profits, commissions, or other income, derived bn a cost-plus basis from a Government contract or contracts made between April 6, 1917, and November 11, 1918, both dates inclusive.
“ Sec. 328. (a) In the cases specified in section 327 the tax shall be the amount which bears the same ratio to the net income of the taxpayer (in excess of the specific exemption of $3,000) for the taxable year, as the average tax of representative corporations engaged in a like or similar trade or-business bears to their average net income (in excess of a. specific exemption of $3,000) for such year. In the case of a foreign corporation the tax shall be computed without deducting the specific exemption of $3,000 either for the taxpayer or the representative corporations.
*369 “ In computing the tax under this section the commissioner shall compare the taxpayer only with representative corporations whose invested capital can be satisfactorily determined under section 326 and which are, as nearly as may be, similarly circumstanced with respect to gross income, net income, profits per unit of business transacted and capital employed, the amount and rate of war profits or excess profits,' and all other relevant facts and circumstances.
“(b) For the purposes of subdivision (a) the ratios between the average tax and the average net income of representative corporations shall be determined by the commissioner in accordance with regulations prescribed by him with the approval of the Secretary.
“In cases in which the tax is to be computed under this section, if the tax as computed without the benefit of this section is less than 50 per centum of the net income of the taxpayer, the installments shall in the first instance be computed upon the basis of such tax; but if the tax so computed is 50 per centum or more of the net income, the installments shall in the first instance be computed upon the basis of a tax ■equal to 50 per centum of the net income. In any case, the actual ratio when ascertained shall be used in determining the correct amount of the tax. If the correct amount of the tax when determined exceeds 50 per centum of the net income, any excess of the correct installments over the amounts actually paid shall on notice and demand be paid together with interest at the rate of % of 1 per centum per month •on such excess from the time the installment was due.
“(c) The commissioner shall keep a record of all cases in which the tax is determined in the manner prescribed in subdivision (a), containing the name and address of each taxpayer, the business in which engaged, the amount of invested capital and net income shown by the return, and the amount of invested capital as determined under such subdivision. The commissioner shall furnish a copy of such record and other detailed information with respect to such cases when required by resolution of either House of Congress, without regard to the restrictions contained in section 251.”
The case narrows to the single issue, viz, Did Congress by enacting sections 327 and 328 of the revenue act, trnder which the taxes accrued, intend that the tax involved should be determined as therein provided and not under section 302? Sections 327 and 328 are not in any wise obscure, in so far at least as the question here at issue is involved. The statute *370 is in positive terms, and expressly points out its applicability to foreign corporations. Why a discrimination between foreign and domestic corporations was deemed advisable is not for judicial determination. The act used mandatory terms and mentions foreign corporations as not entitled to the exemption provided in section 302.
The plaintiff insists that sections 327 and 328 are not tax-imposing sections, and that the design of Congress in adopting the same was to afford relief to taxpayers in particular cases, especially emphasizing the intent of Congress by the law to reduce and not increase the rate of taxation provided in section 302. This argument, it seems to us, confuses the imposition of a tax with a prescribed method of determination. Congress, it is conceded, may prescribe a method of measurement, different in detail from the one prescribed for domestic corporations, and in this case it appears from the language used that such was the special purpose of the revenue law.
We have considered but do not discuss the remaining contentions of the plaintiff; not that they are without merit, but because in our opinion the statute is plain and unambiguous, and to hold otherwise would necessitate indulgence in inferences and deductions which we do not believe the issue warrants.
The petition will be dismissed. It is so ordered.
Graham, Judge; Hat, Judge; and Campbell, Chief Justice, concur.