MEMORANDUM BY THE COURT
The petition shows that the plaintiff is a corporation which paid income and excess-profits taxes for the year 1918, and upon this payment it claims to be entitled to a refund. More specifically, the petition alleges that plaintiff is entitled to recover $192,592.95 for taxes and interest overpaid, which were wrongfully and illegally assessed, against the plaintiff by the Commissioner of Internal Kevenue. The basis of this allegation, as stated in the petition, is that the commissioner undertook to assess its profits' tax for the year 1918 in the manner prescribed by section 828 of the revenue act of 1918, 40 Stat. 1057, but that said profits tax was not the amount which bore the same ratio to the net income of plaintiff (in excess of the specific exemption of $3,000) for the calendar year 1918 as the average tax of representative corporations, engaged in a like or' similar trade or business, whose invested capital could be satisfactorily determined under section 826 of said act and which were, as nearly as may be, similarly circumstanced as compared with plaintiff within the meaning of section 328, bore to their average net income for the taxable year 1918, *663 all as required by said section 328. The petition further alleges in substance that the commissioner did not select the proper corporations for comparison and determination of plaintiff’s profits tax.
The decision in the case at bar is controlled by the case of Williamsport Wire Rope Co. v. United States, 277 U. S. 551. In the instant case it will be observed that the plaintiff was granted a special assessment under the provisions of section 328, but alleges that by reason of the proper comparatives not being taken its tax was wrongfully computed. In other words, the plaintiff claims, in the language of the statute, that “ representative corporations engaged in a like or similar trade or business ” were not selected as required by the statute. But in the Williamsport Wire Rope Co. case, supra, it was held that this presented a question of administrative discretion which is not reviewable-by this court.
The demurrer must be sustained and the petition dismissed. It is so ordered.