## CRAMER & KING CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4083.

Circuit Court of Appeals, Third Circuit.

April 2, 1930

William Surosky (of Surosky & Surosky), of Paterson, N. J., for petitioner.

John V. Groner and Sewall Key, Sp. Assts. to Atty. Gen. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and

J. L. Backstrom, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

DAVIS, Circuit Judge.

This case is here on petition to review an order of the United States Board of Tax Appeals. The question in issue is whether or not the petitioner is entitled to have its profits tax for the calendar year 1919 computed under the provisions of sections 327 and 328 of the Revenue Act of 1918 (40 Stat. 1057).

Subsections (a) and (d) of section 327 state the conditions under which a tax may be computed as provided in section 328. Under subsection (a), if the Commissioner is unable to determine the invested capital of a corporation, it is entitled to a special assessment under section 328. Under subsection (d), upon application by the corporation, if the Commissioner finds and so declares of record that the tax, if determined without the benefit of this section, would, "owing to abnormal conditions affecting the capital or income of the corporation, work upon the corporation an exceptional hardship, evidenced by gross disproportion between the tax computed without the benefit of this section and the tax computed by reference to representative corporations specified in section 328," the tax shall be determined as provided in the latter section.

Section 328 provides that in cases specified in section 327, (a) and (d), the tax shall be the amount which bears the same ratio to the net income of the taxpayer for the taxable year as the average tax of representative corporations (whose invested capital can be satisfactorily determined under section 326 and which are similarly circumstanced with reference to income and capital employed) engaged in a like or similar trade or business bears to their average net income for such year.

The profits tax return of the petitioner for the calendar year 1919, filed on or about June 15, 1920, showed a tax due of $94,439.08. Thereafter the Commissioner determined the invested capital of the petitioner to be $262,476.08 for 1919, and so increased the return and levied an additional assessment of $43,525.26.

The petitioner contends that it is entitled to relief from this additional assessment computed in accordance with the provisions of section 301 of the act and that it should be taxed under the provisions of section 328, because (1) its invested capital could not be determined, and because (2) of the existence of abnormal conditions affecting its capital and income.

It says that the determination of invested capital of $262,476.08 is erroneous because the cost of installation of its machinery and equipment was not included therein, and, further, it was not based on actual cost of the assets to the corporation at the time or times of their acquisition, for there is no record of such cost, but, on the contrary, it alleges that the determination was based upon certain incomplete book figures which were arrived at as the result of an appraisal in 1909 as of January 1, 1908. Therefore it argues that neither the Commissioner nor anybody else could ascertain its invested capital.

The petitioner submits the following facts to show that the conditions affecting its capital and income were so abnormal as to work an exceptional hardship on it unless it has the benefit of having its tax computed under section 328: (1) Inability to determine invested capital; (2) the possession of a secret formula which is a substantial income-producing factor and no part of its development has been capitalized; and (3) the unusually low salaries paid its officers who are its sole stockholders.

■■ Notwithstanding these contentions, the Commissioner determined the invested capital to be $262,476.08, and his determination was sustained by the Board of Tax Appeals. The determination was prima facie correct, and the burden was on the petitioner to establish by competent evidence its incorrectness. United States v. Rindskopf, 105 U. S. 418, 26 L. Ed. 1131; United States v. Anderson, 269 U. S. 422, 443, 46 S. Ct. 131, 70 L. Ed. 347; Wickwire v. Reinecke, 275 U. S. 101, 105, 48 S. Ct. 43, 72 L. Ed. 184. The Commissioner says that the petitioner has not borne the burden; that the most that can be said for the proof adduced is that, because of its vagueness and indefiniteness, the invested capital was not correctly determined, but that no real reason was shown which would prevent its determination; that each phase of the question presented is clearly susceptible of definite proof from which a conclusive determination could be made, and, while he has not shown the steps taken by which he arrived at his determination, the petitioner is not entitled to the benefits of section 328 on account of the deficiency of its own books and records and its failure of proof.

We do not see why these costs cannot be established. The petitioner argues that the Commissioner did not and could not have taken them into account. While the argument is persuasive, it is not conclusive, for the Commissioner might have considered them and also their depreciation. If, however, he "refuses to make the special assessment, he is not required to state the grounds of his refusal, or indeed, even to record the fact of such refusal." Williamsport Co. v. United States, 277 U. S. 551, 560, 48 S. Ct. 587, 589, 72 L. Ed. 985.

We have already discussed invested capital, and do not think that the alleged impossibility of determining it may be used as a fact to establish abnormal conditions. The petitioner's contention that inadequate salaries and the value of the secret formula render its condition so abnormal as to work upon it an exceptional hardship, entitling it to the right of having its tax computed on the basis of other representative corporations engaged in a like or similar trade or business, does not, in our opinion, establish such condition.

But, regardless of whether or not the invested capital of the petitioner could be determined, and whether or not the conditions affecting its capital and income were abnormal and worked an exceptional hardship upon it, the determination of the Commissioner that the petitioner was not entitled to have its profits taxes computed under the provisions of sections 327 and 328 is an act involving the exercise of administrative discretion. The duties imposed upon the Commissioner by these sections can only be performed by an official having extensive knowledge and wide experience with the questions involved. Whether the Commissioner is able to determine the invested capital, whether the determination of the tax without the benefit of section 327 would work an exceptional hardship upon it, what are representative corporations engaged in a like or similar business, what corporations are as nearly as may be similarly circumstanced with respect to income, profits per unit of business transacted, and capital employed, the amount and rate of war profits or excess profits, and all other relevant facts and circumstances—are all questions calling for the exercise of sound judgment, accurate knowledge, wide experience, and wise discretion. Whether a taxpayer is entitled to a special assessment under these sections was confided by the Congress to the discretion of the Commissioner, and that discretion may not be reviewed by the courts, in the absence of fraud or other irregularities. There is no hint of fraud or other irregularities here.

The Commissioner's findings of fact in making an assessment, as distinguished from his determinations involving administrative discretion, constitute only prima facie evidence; and such findings arising in cases under the internal revenue laws are commonly reviewable by courts. United States v. Rindskopf, 105 U. S. 418, 422, 26 L. Ed. 1131; Wickwire v. Reinecke, 275 U. S. 101, 105, 48 S. Ct. 43, 72 L. Ed. 184. But here we have the refusal to make a special assessment. This was an act of administrative discretion for which the Commissioner did not need to give a reason, and we have no jurisdiction to review his refusal. Williamsport Co. v. United States, supra.

The petition is dismissed, the order of redetermination made by the United States Board of Tax Appeals is affirmed, and the additional tax determined by the Commissioner is approved.