**BROWN'S "SHAMROCK" LINENS, Limited, v. BOWERS, Collector of Internal Revenue.**

District Court, S. D. New York.

June 11, 1930.

Robert H. Montgomery, of New York City (Thomas G. Haight, of Jersey City, N. J., and Roswell Magill, of Chicago, Ill., of counsel), for plaintiff.

Charles H. Tuttle, U. S. Atty., of New York City (Harry G. Herman, Asst. U. S. Atty., of New York City, of counsel), for defendant.

MACK, Circuit Judge.

The question presented on defendant's motion to dismiss a complaint seeking recovery of alleged overpayment of excess profits or war profits tax under the Revenue Act of 1918 (40 Stat. 1057) is whether or not this court has jurisdiction to review the determination of the Commissioner of Internal Revenue as to the amount of such taxes to be paid by a foreign corporation.

Under section 327 (b) of the act, in the case of a foreign corporation, the use of the method prescribed in section 328 is absolute and not, as in the case of a domestic corporation, discretionary with the Commissioner.

That the discretion so to be exercised in the case of a domestic corporation is not subject to judicial control on the mere allegation of error or illegality is settled by Williamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985.

That case, however, went further; plaintiff contended in the Supreme Court that a court had power to determine not only whether or not a special assessment under section 328 should be made, but also if its decision was affirmative, then "to determine the true amount of the tax."

The opinion rendered covered both points. The court in clear terms held that discretionary power was conferred on the Commissioner to determine, firstly, whether or not the method of section 328 should be applied, and secondly, if he determines to apply it, then to decide the various "questions of administrative discretion" suggested in that section.

In respect to this second determination, there is no difference whatsoever between a domestic and a foreign corporation.

Motion to dismiss for want of jurisdiction granted.