## ENAMELED METALS CO. v. COMMISSIONER OF INTERNAL REVENUE.

### No. 4342.

Circuit Court of Appeals, Third Circuit.

July 9, 1930.

S. Leo Ruslander, of Pittsburgh, Pa. (Samuel Kaufman, of Pittsburgh, Pa., and George R. Beneman, of Washington, D. C., of counsel), for petitioner.

G. A. Youngquist, Asst. Atty. Gen., and John V. Groner and J. Louis Monarch, both of Washington, D. C. (C. M. Charest, Gen. Counsel, Bureau of Internal Revenue, and John Mac C. Hudson, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., of counsel), for respondent.

Before BUFFINGTON and DAVIS, Circuit Judges, and JOHNSON, District Judge.

BUFFINGTON, Circuit Judge.

The first question involved in this petition for review from the United States Board of Tax Appeals, namely, alleged error in passing on the question of abnormality, is decided against the petitioner in the case of Cramer & King Company v. Commissioner of Internal Revenue (C. C. A.) 41 F.(2d) 24.

The second question involves the refusal of the Board to allow petitioner to amend its pleadings so as to raise the question of the statute of limitations. When the petitioner filed its tax collection waiver for 1918, it made part of such waiver the statement in writing that it had pending and undisposed of before the Board an appeal raising the question of the right of the Commissioner to collect any further income or profit taxes for the year 1918 because barred by the statute. This statement was added:

"Taxpayer has pending and undisposed of before the Board of Tax Appeals at Docket No. 19011 an appeal wherein, among other issues raised, taxpayer intends to raise the question as to the right of the Commissioner of Internal Revenue to collect any further income and profits taxes for the year 1918, for the reason that the proposed collection of additional taxes is now barred by the statute of limitations applicable thereto. This waiver is filed with the distinct reservation of rights by the taxpayer and, understanding that this waiver shall not affect taxpayer's right to establish the bar of the statute of limitations above set forth, and to have the full benefit thereof, so far as the same existed up to and including the 12th day of September, 1927."

Subsequently the Board by order limited "the hearing in the above appeal in the first instance to the issue defined in subdivisons (a) and (b) of Rule 62 of the Board's Rules of Practice." After this issue, thus limited by the Board, had been decided, the petitioner presented a supplemental petition praying leave to amend so as to have the question of limitation decided. The Board refused to grant leave, with the result that the petitioner has never had that defense heard by the Board. We are of opinion this was error. That defense, if sustained, was in tax cases a meritorious one; it was not an afterthought; it was originally made in due time; it was never abandoned.

The order of the Board is therefore vacated, and the record returned, and the Board directed in due course to try and decide petitioner's defense of the statute of limitations.