## BROWN'S "SHAMROCK" LINENS, Limited, v. BOWERS. *

### No. 300.

Circuit Court of Appeals, Second Circuit.
March 16, 1931.

MANTON, Circuit Judge, dissenting.

Robert H. Montgomery, of New York City (Thomas G. Haight, of Jersey City, N. J., and Roswell Magill, of New York City, of counsel), for appellant.

George Z. Medalie, U. S. Atty., of New York City (Harry G. Herman, Asst. U. S. Atty., of New York City, of counsel), for appellee.

Before MANTON, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

The plaintiff is a corporation organized under the laws of Great Britain, and during

*Certiorari denied 51 S. Ct. 657, 75 L. Ed. —.

the year 1918 it was engaged in the business of importing and selling in the United States linens and other textiles. Being a foreign corporation, the assessment of its war profits and excess profits tax was required, by section 327(b) of the Revenue Act of 1918, to be computed by the Commissioner in accordance with section 328 (40 Stat. 1093). That section reads in part as follows:

"Sec. 328. (a) In the cases specified in section 327 the tax shall be the amount which bears the same ratio to the net income of the taxpayer * * * for the taxable year, as the average tax of representative corporations engaged in a like or similar trade or business, bears to their average net income * * * for such year. * * *

"In computing the tax under this section the Commissioner shall compare the taxpayer only with representative corporations whose invested capital can be satisfactorily determined under section 326 and which are, as nearly as may be, similarly circumstanced with respect to gross income, net income, profits per unit of business transacted and capital employed, the amount and rate of war profits or excess profits, and all other relevant facts and circumstances."

The complaint alleges upon information and belief that for the year 1918 the ratio of the average tax to the average net income of representative corporations engaged in like business and similarly circumstanced to plaintiff in the respects specified in the statute, did not exceed the sum of 25 per cent., and it charges that the Commissioner failed to use this ratio, but illegally assessed against plaintiff a tax which was 44.8 per cent. of its net income for said year, resulting in an illegal exaction of some $19,600, for the recovery of which this suit was brought after a claim for refund had been rejected. Thus it is apparent that the complaint attacks the correctness of the ratio used by the Commissioner and asks the court to review all the comparative data which under the statute must enter into his determination of such ratio. The District Court held that section 328 vested in the Commissioner administrative discretion in the computation of the tax which was not subject to judicial control on the mere allegation of error or illegality. Its opinion may be found in 41 F.(2d) 862. The correctness of this view is the sole question presented by this appeal.

A majority of the court are of opinion, as was the judge below, that the law is set-

tled adversely to appellant's contention by Williamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985. There it was held that the Court of Claims was without jurisdiction to review the Commissioner's refusal to grant a domestic corporation a special assessment, because the Commissioner's determination involved administrative discretion which could only properly be exercised by an official or a body having wide experience with the class of problems concerned. It is true that there the precise question was whether conditions existed which entitled the domestic taxpayer to a special assessment, the Commissioner having computed its tax by the normal method; while here the foreign taxpayer is required to have a special assessment, and the question is whether it has been rightly computed. But the considerations which controlled the answer to the former question are equally applicable to solution of the latter, and were, we think, present to the mind of the court, as indicated by the following quotations from the opinion of Mr. Justice Brandeis (pages 558, 559 of 277 U. S., 48 S. Ct. 587, 589)

" * * * The task imposed on the Commissioner by sections 327 and 328 was one that could only be performed by an official or a body having wide knowledge and experience with the class of problems concerned. For the requirement of a special assessment under paragraph (d) of section 327, *and its computation in all cases,* are dependent on 'the average tax of representative corporations engaged in a like or similar trade or business.' [Italics ours.]

" * * * What are 'representative corporations engaged in a like or similar trade or business;' which corporations are 'as nearly as may be, similarly circumstanced with respect to gross income, net income, profits per unit of business transacted and capital employed, the amount and rate of war profits or excess profits, and all other relevant facts and circumstances'—these are all questions of administrative discretion."

In Blair v. Oesterlein Mach. Co., 275 U. S. 220, 226, 48 S. Ct. 87, 89, 72 L. Ed. 249, it was said that "there is no inherent impossibility, or, indeed, serious difficulty in reviewing judicially any determination authorized by sections 327 and 328," but this language was used with reference to a review by the Board of Tax Appeals, and must, in the light of the later Williamsport decision, be so limited. Whether, upon appeal from the Board, a Circuit Court of Appeals has power to review a decision of the Board in respect to special assessment under these sections, we need not now say. See Ryan Car Co. v. Commissioner, 44 F.(2d) 26 (C. C. A. 7); cf. Cramer & King Co. v. Commissioner, 41 F.(2d) 24 (C. C. A. 3).

The interpretation of the Williamsport opinion which we adopt was also adopted by the Court of Claims in Chicago Frog & Switch Co. v. United States, 67 Ct. Cl. 662, cert. denied 280 U. S. 579, 50 S. Ct. 32, 74 L. Ed. 629. That was a case identical with the suit at bar, except that the complaining taxpayer was a domestic corporation. See, also, Clinton Iron & Steel Co. v. Heiner, 30 F.(2d) 542, 544 (D. C. W. D. Pa.). The fact that special assessment is mandatory for a foreign corporation and permissive for a domestic one furnishes no basis for distinction when each is attacking the Commissioner's computation on the ground that he selected improper comparatives in determining the assessment which he made.

The judgment is affirmed

MANTON, Circuit Judge (dissenting).

Section 327(b) of the 1918 Act (40 Stat. 1057, 1093) requires that the taxpayer, if a foreign corporation, be assessed as to its war profits and excess profits taxes under section 328(a). The Commissioner had no occasion, nor was it his duty, to determine as an administrative act whether the taxpayer was entitled to this special assessment under section 328(a), as was the requirement in Williamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985, for there the Commissioner was dealing with a domestic corporation. The error below rested in the court's determination that the discretionary power conferred on the Commissioner went beyond the determination of whether or not a domestic corporation was entitled to a special assessment under section 328, and in holding that the Commissioner had the additional administrative discretion, which was not reviewable in the courts, of determining the questions suggested in section 328(a). No discretion was reposed in the Commissioner as to computation of the special assessment. Section 328 explicitly directs how the assessment is to be made. Section 328 provides that "the tax shall be the amount which bears the same ratio to the net income of the taxpayer (in excess of the specific exemption of $3,000) for the taxable year, as the average tax of representative corporations engaged in a like or similar trade or business, bears to their average net income (in excess of the specific exemption of $3,000) for such year. In the

case of a foreign corporation the tax shall be computed without deducting the specific exemption of $3,000 either for the taxpayer or the representative corporations."

The mandatory effect of section 328 was to compel the Commissioner, in computing the tax, to use as comparatives, only representative corporations whose invested capital can be satisfactorily determined and that the ratio shall be determined upon regulations prescribed by the Commissioner, with the approval of the Secretary. And section 327 provides "where the Commissioner is unable to determine"; and where "the Commissioner is unable satisfactorily to determine;" and where "the Commissioner finds * * * that the tax * * * would * * * work upon the corporation an exceptional hardship."

This phrase of section 327 indicates an intent, as the Williamsport Case held, to confer a discretionary nonreviewable power on the Commissioner. But the phrase of section 328 is mandatory and requires the Commissioner to ascertain the average tax of the "representative corporations engaged in a like or similar trade or business." The rest is a mathematical calculation. The task thus imposed upon the Commissioner is no different from many similar ones required in ascertaining gross income, net income, invested capital, depreciation, and allowance, which are necessary to compute the ordinary income and excess profits tax of the taxpayer. It is so well settled as to require no citation of authority to say that such determinations by the Commissioner are reviewable by the courts. The Commissioner has made the computation, which is complained of, and the courts may reach a different conclusion if the evidence produced shows error in his determination of the representative corporations he has used for comparison or errors in the computations made as the bill of complaint charges. The question for the court on the trial would be whether the Commissioner has followed the mandatory directions of the statute in a manner free from error.

The right to sue the collector for an unjustified collection has long been recognized as a common-law remedy. United States v. Emery, etc., Co., 237 U. S. 28, 35 S. Ct. 499, 59 L. Ed. 825. The District Court has jurisdiction in a suit such as this under section 41, title 28, U. S. Code (28 USCA § 41). Unless the Revenue Act of 1918 withdrew this jurisdiction, it must still exist. No provision of the act takes away this jurisdiction or otherwise limits it. It would be no serious difficulty to review the issue pre-sented of whether a Commissioner followed out the direction of section 328 in making the assessment. Nothing in the Williamsport Case (see page 558 of 277 U. S., 48 S. Ct. 587, 72 L. Ed. 985) indicates that the court found Congress intended to abrogate the common-law right of taxpayers to sue the internal revenue collector, and that case held merely that the courts will not review the discretionary determination of the Commissioner as to whether special relief should be given to any domestic corporation in any given case.

The Court of Claims in Frederick Warne & Co. v. United States, 62 Ct. Cl. 363, 369 said, referring to section 328: "The statute is in positive terms, and expressly points out its applicability to foreign corporations. Why a discrimination between foreign and domestic corporations was deemed advisable is not for judicial determination. The act used mandatory terms and mentions foreign corporations as not entitled to the exemption provided in section 302."

And, as pointed out in Blair v. Oesterlein Mach. Co., 275 U. S. 220, 226, 48 S. Ct. 87, 89, 72 L. Ed. 249, "there is no inherent impossibility, or, indeed, serious difficulty in reviewing judicially any determination authorized by sections 327 and 328."

For these reasons it was error to dismiss the bill, and the judgment should be reversed.