**RAILROAD SUPPLY CO. v. BURNET, Com'r of Internal Revenue.**

No. 5120.

Court of Appeals of District of Columbia.

Argued June 1, 1931.

Decided June 29, 1931.

Frank S. Bright, of Washington, D. C., for appellant.

C. M. Charest, of Washington, D. C., G. A. Youngquist, Asst. Atty. Gen., and Sewall Key, A. G. Divet, and J. Louis Monarch, all of Washington, D. C., for appellee.

Before MARTIN, Chief Justice, and HITZ and GRONER, Associate Justices.

MARTIN, Chief Justice.

This proceeding involves income and excess profits taxes for the years 1918, 1919, and 1920. It calls for a review of an order of the Board of Tax Appeals sustaining a finding of the Commissioner of Internal Revenue, which denied special assessment to appellant under sections 327 and 328 of the Revenue Act of 1918 (40 Stat. 1057, 1093).

Section 326 (a) of the act (40 Stat. 1092) provides in general for the methods of determining the "invested capital" of a corporation as intended by title 3, War-Profits and Excess Profits Tax (40 Stat. 1088). In section 327 (d) provision is made for a special method of assessment under section 328, under the following circumstances, to wit: "Where upon application by the corporation the Commissioner finds and so declares of record that the tax if determined without benefit of this section would, owing to abnormal conditions affecting the capital or income of the corporation, work upon the corporation an exceptional hardship evidenced by gross disproportion between the tax computed without benefit of this section and the tax computed by reference to the representative corporations specified in section 328."

The latter section, to wit, section 328, provides in such case for assessment by means of a comparison of the taxpayer's tax with the average tax of representative corporations engaged in a like or similar trade or business for the taxable year. See Income Tax Regulations 45 (1920 Ed.).

In the instant case the corporation applied to the Commissioner for a finding and declaration of record such as is provided for by section 327, and accordingly for a special assessment under section 328.

This was denied by the Commissioner, and the Board of Tax Appeals sustained his decision. The Board held that the corporation had no such abnormality in invested capital and income for the years in question as would entitle it to special assessment under the provisions of section 328, supra. This appeal was then taken.

It is settled law, however, that this court is without jurisdiction over such an appeal, there being no charge of fraud or other irregularity in the case.

In Williamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 590, 72 L. Ed. 985, a case arising in the Court of Claims and dealing with the statutes now in question, Mr. Justice Brandeis speaking for the court said: "Moreover, whatever jurisdiction is possessed by the Court of Claims to review determinations under sections 327 and 328, would be possessed also by the District Courts in suits against collectors and in actions against the United States, under section 24 (20) of the Judicial Code (28 USCA § 41 (20). Thus the determinations of the Commissioner in this delicate and complex phase of revenue administration would be subjected to review by a large number of courts, none of which have ready access to the information necessary to enable them to arrive at a proper conclusion in revising his decisions; whose experience in passing upon questions of this character would be limited; and whose varying decisions would tend to defeat, rather than promote, that equality in the application of the revenue law which sections 327 and 328 were designed to ensure. We conclude that the determination whether the taxpayer is entitled to the special assessment was confided by Congress to the Commissioner, and could not, under the Revenue Act of 1918, be challenged in the courts —at least in the absence of fraud or other irregularities."

The foregoing decision has been recognized as settling the rule, both for original actions in the courts and appeals from the Board of Tax Appeals, that the Commissioner's discretion exercised in such cases cannot be reviewed by the courts "in the absence of fraud or other irregularities." Ennis Coal Co. v. United States (C. C. A. 4th) 37 F. (2d) 574; National Bank of Commerce v. United States (C. C. A. 9th) 39 F.(2d) 434.

In Cramer & King Co. v. Commissioner of Internal Revenue (C. C. A. 3d) 41 F. (2d) 24, 26, upon a petition to review a decision of the Board of Tax Appeals, in a case relating to special assessments under sections 327 and 328, supra, the court said: "Whether a taxpayer is entitled to a special assessment under these sections was confided by the Congress to the discretion of the Commissioner, and that discretion may not be reviewed by the courts, in the absence of fraud or other irregularities."

In Duquesne Steel Foundry Co. v. Commissioner of Internal Revenue, 41 F.(2d) 995, and in Enameled Metals Co. v. Commissioner of Internal Revenue, 42 F.(2d) 213, the Circuit Court of Appeals of the Third Circuit held to the same effect, citing Cramer & King Co. v. Commissioner of Internal Revenue, supra.

The two cases last cited were reviewed by the Supreme Court by certiorari, and on April 27, 1931, both were affirmed upon authority of Williamsport Wire Rope Co. v. United States, 277 U. S. 551, 48 S. Ct. 587, 72 L. Ed. 985, above referred to.

See also Kekaha Sugar Company, Limited, v. David Burnet, Commissioner of Internal Revenue, 50 F.(2d) 322, decided by this court May 4, 1931.

We accordingly deny the order sought by appellant, and dismiss its petition.

Appeal dismissed.