## CUTCLIFFE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12002.

Circuit Court of Appeals, Fifth Circuit.
Oct. 24, 1947.

John L. Westmoreland, of Atlanta, Ga., for petitioner.

Theron Lamar Caudle, Asst. Atty. Gen., Melva M. Graney, Sewall Key, and Helen R. Carloss, Sp. Assts. to Atty. Gen., and J. P. Wenchel and John M. Morawski, both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and LEE, Circuit Judges.

SIBLEY, Circuit Judge.

The Tax Court found that Walter J. Cutcliffe during the years 1933 through 1937 derived his income mainly from his membership in a partnership which conducted a

lottery in Atlanta. Cutcliffe handled no money for the partnership and kept no records, this being done by a partner now deceased, Robt. J. Hogg, who destroyed the records in 1937 when the federal grand jury started an investigation of the business. Cutcliffe had no first hand knowledge of the income and expenses of the business, but accepted from time to time what Hogg gave him as his proper share of the profits. In his income tax returns Cutcliffe returned this income in round figures each year, as to which he testified: "I did not leave out of my income tax return any income I made during the years from '33 to '37. I did not know of any other income that I had which I did not report in my returns for those years. I made as near as I knew how to make, an accurate, correct and fair return." The Commissioner assessed for each year a much larger income and imposed fraud penalties. The Tax Court held that the Commissioner had not sustained his burden of showing fraud, and that no part of the deficiencies in question were due to fraud with intent to evade tax; but that Cutcliffe had not satisfactorily overcome the presumption of correctness of the Commissioner's determination of deficiencies. It also held that although the assessments had all been made after the running of the statutes of limitations, and although a waiver of the bar had been signed only as to the years 1936 and 1937, since there was no affirmative pleading of limitation as to the earlier years, that defense could not be considered. We are asked to decide that both these holdings are clearly wrong.

■ We think the question of limitation was fairly before the court and was a good defense as to all the years save 1936 and 1937. Cutcliffe's petition to the Tax Court exhibited the Commissioner's jeopardy assessment dated Aug. 28, 1942, for all five years, including the fraud penalties, and alleged that "all and every of the items of deficiency and penalty are not legal or collectible claims against petitioner." It did not specially mention limitation. The answer also did not mention limitation, but painstakingly alleged as to each year that the petitioner, with wilful intent to evade taxes had filed a false and fraudulent return. At the hearing before the court, opening statements were invited. The Commissioner's counsel said, among other things: "The petition covers the years 1933, 1934, 1935, 1936 and 1937. As to the years '36 and '37 there is no question of statute of limitations. The deficiency notice was sent out in time, within the statute, at that time of three years, from the date the return was filed. As to the three prior years the notice was not within the statute. Fraud has been alleged by respondent for all five years." Petitioner's counsel claimed the burden was on the Commissioner to prove fraud, and he should proceed first as to the years 1933, '34 and '35, and petitioner should then assume his burden as to '36 and '37. The Court ruled: "Under the circumstances I think it will be more efficient if we proceed with all the years together. One issue (is) applicable to all of them, as well as the statute of limitations question on the earlier. * * * I think you had better proceed first for the respondent."

■■ In spite of the deficiency in the pleadings, we think it clearly apparent that both counsel and the court understood that the assessments for the three earlier years were barred unless the charge of fraud was sustained, and that limitation as to the years '33, '34 and '35 was an issue to be tried, along with the fraud penalties for all the years. It was not understood that the plain defense of limitation was waived by not more clearly pleading it. The defect could have been remedied by a simple amendment. The court in its consideration of the case ought not on its own motion to have eliminated the defense without allowing opportunity to amend. The spirit of Federal Rules of Civil Procedure, rule 15(b), 28 U.S.C.A. following section 723c, ought to be followed. The opening statements of counsel are not idle talk, but may afford the basis of deciding the case, even without appropriate pleading. Oscanyan v. Arms Co., 103 U.S. 261, 26 L.Ed. 539. After finding there was no fraud in the returns, the court should have held the assessments for 1933, 1934 and 1935 were barred by the statute of limitations, and we will modify the judgment of redetermination by eliminating the deficiencies for those years.

As to the years 1936 and 1937, there is evidence that the partnership took in an average of $600 per day, which would make Cutcliffe's part many times what he returned, but that there were expenses, and days on which the game went against the partners and they had a loss, but there was no definite evidence of the amount of these outlays. There was the circumstance of the voluntary destruction by Hogg of the firm's records, and the absence of any record kept by Cutcliffe to show his financial operations. It does not appear that there were any partnership returns. His indefinite testimony in general terms quoted above goes more to show his good faith than to show the accuracy of his round figures, and does not compel the conclusion that the Commissioner's determinations were wrong for these years, and we affirm the judgment as to them.

The judgment is modified as above stated, and otherwise affirmed.