**Charles A. POLIZZI, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 13023.**

United States Court of Appeals
Sixth Circuit.

Sept. 10, 1957.

As Amended Sept. 30, 1957.

Sol Goodman, Cincinnati, Ohio, Stanley Goodman (of Goodman & Goodman), Cincinnati, Ohio, on brief, for petitioner.

Louise Foster, Tax Dept., Washington, D. C., Charles K. Rice, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Kenneth E. Levin, Attorneys, Dept. of Justice, Washington, D. C., on brief, for respondent.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The petitioner, Charles A. Polizzi, seeks a review of the decision of the Tax Court which adjudged an income tax deficiency against him for the year 1948, together with additions under Section 294(d), Internal Revenue Code, 26 U.S. C.A. § 294(d), in the respective amounts of $6,675.04 and $519.83.

The petitioner, who was the husband of Angela M. Polizzi, filed an income tax return on or about March 3, 1949, for the year 1948 in the name of Charles A. & Angela Polizzi, which included all of the income of both of them. The printed question in the income tax form, "Is your wife (or husband) making a separate return for 1948?" was answered "No." His wife's $600 exemption was included in the return. The amount of the tax indicated by the return was computed as though it were a joint return of husband and wife. It was signed by the tax consultant who prepared the return and carried a cross-mark (X) on each of the two lines where the taxpayers

were to sign the return. However, the return was signed only by the petitioner on the first line so marked, the second line so marked remaining blank.

On March 11, 1952, a notice of tax deficiency of $18,780.63 for the year 1946 and $19,067.39 for the year 1948, making a total of $37,848.02, was sent to Charles A. Polizzi at the home address given on the return. The notice stated, "This determination of your income tax liability has been made upon the basis of information on file in this office." Under the heading "Adjustments to Net Income" it stated with respect to the year 1948, "Income from partnership increased $18,097.86." Under the heading "Explanation of Adjustment" it stated, "In your return filed for the year 1948 you reported $8,940.49 as representing your distributive share of the partnership income from the Yorkshire Club. It is held that your distributive share of the partnership income was $27,038.-35. Your income has accordingly been increased by $18,097.86." This was followed by a "Computation of Tax" showing income tax liability $43,200.54, income tax liability disclosed by the return $24,133.15, and deficiency of income tax $19,067.39. This computation gave credit for the exemptions of both husband and wife. It computed the tax, however, on the basis of an individual return, but made no reference to the fact that it used a different basis of computation from the joint return basis used by the taxpayer.

On June 5, 1952, Charles A. Polizzi petitioned the Tax Court for a redetermination of his 1946 and 1948 income taxes. Paragraph 4 of the petition reads as follows:

"4. The determination of tax set forth in said alleged notice of deficiency is based upon the following errors:

"(a) For the year 1946, the Commissioner erroneously increased the petitioners distributive share of the partnership income from the Yorkshire Club from $7,073.84 by $27,-326.52 to $34,400.36.

"(b) For the year 1948, the Commissioner erroneously increased the petitioners distributive share of the partnership income from the Yorkshire Club from $8,940.49 by $18,-097.86 to $27,038.35."

The Commissioner's answer denied the allegations of Paragraph 4.

On June 30, 1955, the Tax Court handed down its findings of fact and opinion and provided for entry of decision under Rule 50 of the Tax Court, 26 U.S.C.A. (I.R.C.1954) § 7453, 24 T.C. 583. The issue involving additional income from the Yorkshire Club was resolved in favor of the petitioner. Whether the 1948 return was a joint or individual return did not arise in the course of the trial before the Tax Court and the Tax Court made no finding or ruling upon this issue.

The petitioner filed his computation of the tax under Rule 50 on the basis of a joint return. The Commissioner filed his computation of the tax under Rule 50 on the basis of an individual return. Briefs were filed by the parties in support of their respective petitions and following a hearing, the Tax Court ruled on March 29, 1956, in favor of the Commissioner, holding that the petitioner's computation under Rule 50 raised a new issue which was not raised by the pleadings, that the petitioner was untimely in raising a new issue for the first time in his Rule 50 computation, and that the Court could not consider such an issue not raised in the pleadings and presented after trial and in a Rule 50 computation for the first time. On April 26, 1956, the petitioner moved for leave to file a motion for reconsideration and/or rehearing of the Court's decision, and for an oral hearing thereon, with respect to the issue as to whether the 1948 return was joint or individual. The motion stated that the approval of the Commissioner's computation was erroneous because the issue brought to light by the tendered computations was not included in the statutory notice or in the answer of the Commissioner to appellant's petition, which under Rule 14 of the Rules of the Tax Court "shall be drawn so that it will advise the petitioner and the Court fully of the nature of the defense" and which shall contain "a statement of any

facts upon which the Commissioner relies for defense or for affirmative relief * * *." This motion was denied on April 27, 1956. The present petition for review was filed by the petitioner on July 16, 1956.

The petition for review states that during the year 1950 the Internal Revenue Service audited and examined the 1948 return, considered it as a joint return of husband and wife, and made no changes therein; that the contention that it was an individual return was not made by the deficiency notice or the answer filed in the Tax Court; that the Tax Court has not considered the issue; and that under the circumstances there is a failure to do justice by the Tax Court's failure to consider the issue when it was found to be a material fact in the computation of the tax.

The fact which stands out prominently on this review is that on the factual issue of additional income to the petitioner from the Yorkshire Club, the Commissioner failed to sustain his contention, yet there is imposed upon the petitioner an increase of $7,194.87 in income tax liability. This is the result of the position taken by the Commissioner that the return was an individual return, which the taxpayer challenges, but which is made effective by the failure of the Tax Court to consider the issue in the proceedings before it.

We make no attempt in this review to decide that issue. There are authorities which appear to support petitioner's contention that the return was intended as a joint return and should be considered as such. Howell v. Commissioner, 6 Cir., 175 F.2d 240, 241; Kann v. Commissioner, 3 Cir., 210 F.2d 247, 251, certiorari denied 347 U.S. 967, 74 S.Ct. 778, 98 L.Ed. 1109; Hyman B. Stone, 22 T.C. 893, 900; Walter M. Ferguson, Jr., 14 T.C. 846, 848. Depending upon the exact factual situation involved, there are authorities which the Commissioner might rely upon. McCord v. Granger, 3 Cir., 201 F.2d 103, in which case, however, the Collector unsuccessfully contended that a return was a joint return even though signed by only one spouse,

which is contrary to the Commissioner's position in this case; Myrtle O. Calhoun, 23 T.C. 4; Elsie S. Bour, 23 T.C. 237; Arlington F. Brown, 24 T.C. 256. Our present problem is whether the petitioner was entitled to offer evidence on this issue and have it heard and decided by the Tax Court.

We are in agreement with the Tax Court's holding that under its Rule 50(c) it cannot consider a new issue in the computation of the tax under Rule 50. Commissioner v. Meldrum & Fewsmith, Inc., 6 Cir., 230 F.2d 283, 285. But, as pointed out in that case, the proper procedure is for the complaining party to proceed under Rule 19, Rules of the Tax Court, by applying for a further hearing with leave to amend the pleadings so as to present the new issue. Such a motion is independent of the computation of the tax under Rule 50, which contemplates the computation of the tax after all issues have been decided. Accordingly, the motion suspends the operation of Rule 50 until it is disposed of. Under that view of the case we have a question under Rule 19, Rules of the Tax Court, rather than under Rule 50. Regardless of the use of the words "reconsideration and/or rehearing" in petitioner's motion, it seems clear that he sought a further hearing on an issue not decided by the Tax Court rather than a rehearing on an issue which had been decided adversely to him.

Rule 19(e) provides that no motion for "rehearing, further hearing, or reconsideration" may be filed more than 30 days after the opinion has been served, except by special leave. The motion was not timely, but it could have been granted, the pleading amended, and the issue heard and decided if the equities of the case required it. Geuder, Paeschke & Frey Co. v. Commissioner, 7 Cir., 41 F.2d 308, 311–312; Enameled Metals Co. v. Commissioner, 3 Cir., 42 F.2d 213, affirmed Enameled Metals Co. v. Burnet, 283 U.S. 799, 51 S.Ct. 491, 75 L.Ed. 1422; Cutcliffe v. Commissioner, 5 Cir., 163 F.2d 891; Insular Sugar Refining Corp. v. Commissioner, 2 Cir., 150 F.2d 8, 11, certiorari denied 326 U.S. 742, 66 S.Ct. 56, 90 L.Ed. 443.

In Chatham Phenix Nat. Bank & Trust Co. v. Helvering, 66 App.D.C. 330, 87 F.2d 547, at page 550, the Court of Appeals for the District of Columbia said, "But the power of this court to order a rehearing of the case does not extend only to the abuse of discretion on the part of the Board. This power may be exercised when necessary to meet the ends of substantial justice." After citing a number of authorities the Court continued, "Running through all the cases cited is the similar determination of the courts that, where it appears that a further hearing would be promotive of justice, the taxpayer should be given the opportunity of amending his pleadings and of offering evidence to show that he suffers through a wrongful determination of his tax liability."

In Commissioner v. Wells, 6 Cir., 132 F.2d 405, 408, the Commissioner filed a motion for reconsideration, together with a proposed amended answer claiming an increased deficiency, after the Board of Tax Appeals had filed its opinion, which motion the Board denied. We held that under the facts and circumstances therein involved, the Board should have granted the motion for reconsideration, amendment of pleadings, and rehearing and remanded the case for amendment of the pleadings and the introduction of such additional evidence as may be submitted by the parties. In doing so, we said, "Rules of practice and procedure are devised to promote the ends of justice, and in the less formal proceedings before administrative agencies, such rules do not require sacrifice of this principle, by refusal of an appellate court to give consideration to issues not raised below." Reference was made to our earlier opinions in Commissioner v. Central National Bank, 6 Cir., 119 F.2d 470, and Black Motor Co. v. Commissioner, 6 Cir., 125 F.2d 977. See also: Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037; Helvering v. Richter, 312 U.S. 561, 61 S.Ct. 723, 85 L.Ed. 1043; Commissioner of Internal Revenue v. Brandegee, 1 Cir., 123 F.2d 58, 62; Ohio Valley Rock Asphalt Co. v. Helvering, 68 App.D.C. 176, 95 F.2d 87, 89; Askania Werke, A. G. v. Helvering, 68 App.D.C. 315, 96 F.2d 717, 719.

■ We are of the opinion that under the facts and circumstances of this case, the petitioner is entitled to have the issue of whether the 1948 return was a joint return or an individual return for the purpose of computing the tax liability heard and determined by the Tax Court. The question is different from a rehearing or reconsideration of an issue previously ruled upon by the Tax Court. It has not as yet been considered by the Tax Court. The Tax Court was no doubt correct in not considering the issue in the original hearing since it was not presented by the pleadings. However, it was an underlying issue in the case which should have been presented by the pleadings. We believe there is much justification for the failure of the petitioner to specifically raise the issue by his original petition. We find nothing in the record to indicate that he realized, or that it was called to his attention, that the return had not been signed by his wife. In the 1950 audit the Revenue Agent treated it as a joint return. The tax was computed on that basis and approved by the agent. The deficiency notice did not state that his joint basis of computation was disapproved, nor did the Commissioner's answer put the petitioner upon notice that his claim in this respect was not accepted. It is not too late for the pleading to be amended and for this issue to be heard and decided by the Tax Court. Commissioner of Internal Revenue v. Wells, supra, 6 Cir., 132 F.2d 405, 408; Cutcliffe v. Commissioner, supra, 5 Cir., 163 F.2d 891, 892; Geuder, Paeschke & Frey Co. v. Commissioner, supra, 7 Cir., 41 F.2d 308, 312. See: Cherokee Textile Mills v. Commissioner, 6 Cir., 160 F.2d 685, 689; Miller v. Commissioner, 6 Cir., 183 F.2d 246, 255. We think the petitioner should be afforded that right.

The judgment is vacated and the case remanded to the Tax Court for further proceedings consistent with the views expressed herein.