**A. Glendon JOHNSON, Administrator c.t.a. Estate of A. Gales Johnson, Petitioner,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent.**

**No. 8193.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 17, 1960.

Decided Nov. 22, 1960.

---

A. Glendon Johnson, administrator c. t. a., pro se.

Crombie J. D. Garrett, Attorney, Department of Justice, Washington, D. C. (Howard A. Heffron, Acting Asst. Atty. Gen., Lee A. Jackson and Melva M. Graney, Attorneys, Department of Justice, Washington, D. C., on brief), for respondent.

Before SOPER and HAYNSWORTH, Circuit Judges, and THOMSEN, District Judge.

THOMSEN, District Judge.

When this case was before us last year, 270 F.2d 134, our opinion dealt with two issues: (1) the basis on which depreciation and obsolescence should be allowed on 125 plans, the subject matter of the controversy, and (2) whether 4 out of 18 of those plans on which taxpayer had claimed an allowance for obsolescence for the tax year ended August 31, 1951, were in fact obsolete. We remanded the case to the Tax Court for further proceedings not inconsistent with our opinion.

The Tax Court directed the parties to submit computations of petitioner's tax liability for entry of final decision in accordance with that opinion. The Commissioner filed a computation which allocated the $173,055 depreciation basis among the 125 plans according to their reproduction cost,[1] and allowed depreciation on all the plans (except the 14 which had become obsolete in 1951) over an estimated life of 20 years, i. e. at 5% per annum. Taxpayer filed a countercomputation and a memorandum in which he urged that depreciation be accelerated on the 25 plans which had been dropped from current brochures but for which some orders were still being received during the years in question, and the 4 plans which were being carried only as alternates. Taxpayer argued that those 29 plans should be depreciated at a "unit-of-use" rate, based on the sales of those plans. After a hearing, the Tax Court entered a decision adopting the views of

---

1. Thus making unnecessary any adjustment with respect to the obsolescence issue. See 270 F.2d at page 136, 137.

the Commissioner and finding a deficiency of $2,396.44 for the taxable year ended August 31, 1951, and an overpayment of $109.67 for the following year.

The Tax Court did not state the reasons for its decision, but the Commissioner seeks to sustain that decision, not on the merits, but on the grounds (1) that the issue of accelerated depreciation had been raised for the first time in the Rule 50 computation proceedings prior to the first appeal in this case, in violation of Rule 50(c),[2] and (2) that "for the Tax Court to have considered the issue of increased depreciation would have constituted an action in excess of its jurisdiction under this Court's mandate".

We do not believe that consideration by the Tax Court of taxpayer's contention with respect to the 25 plans was foreclosed under the circumstances of this case. Hormel v. Helvering, 312 U.S. 552, 557, 61 S.Ct. 719, 85 L.Ed. 1037; Polizzi v. Commissioner, 6 Cir., 247 F.2d 875. Cf. Vogel's Estate v. Commissioner, 9 Cir., 278 F.2d 548, 550; Romm v. Commissioner, 4 Cir., 255 F.2d 698. In the income tax returns which he filed for the years 1951 and 1952 taxpayer had erroneously distributed among the other 100 plans that part of the $173,055 basis which was properly allocable to the 25 plans in question, and had treated the 4 plans as having become obsolete in 1951. In his petition for redetermination and at the original hearing before the Tax Court he sought to sustain that action.

He offered evidence of the sales of the 25 plans and of the 4 plans, and the Tax Court made findings of fact with respect to such sales, although it denied taxpayer's contentions and held that he had failed to uphold his burden of proving that the Commissioner had erred in determining depreciation. Taxpayer raised the question of accelerated depreciation at the Rule 50 computation hearing, and argued that question, albeit somewhat confusedly, in his brief to this Court on his first appeal. We did not decide or discuss the question of accelerated depreciation on the 25 plans, and did not intend by our decision and mandate to foreclose the consideration of any question which we did not decide. Since, under our mandate, the 25 plans are being treated differently from the way they were treated either by taxpayer or by the Commissioner and the Tax Court, the question of the proper rate of depreciation to be applied to those plans should be decided on the merits, after considering *all* the facts, in order to work out a just result in this difficult situation, even though a large part of the difficulty was created by taxpayer himself. The same considerations do not apply to the 4 plans; the action of the Commissioner with respect to those plans was sustained on the first appeal.

The case will be remanded to the Tax Court for further proceedings not inconsistent with this opinion.

Remanded.

2. "Rule 50. *Computations by parties for entry of decision*
\* \* \* \* \*
"(c) *Limits on argument under this Rule.*—Any argument under this Rule will be confined strictly to the consideration of the correct computation of the deficiency or overpayment resulting from the report already made, and no argument will be heard upon or consideration given to the issues or matters already disposed of by such report or of any new issues. This rule is not to be regarded as affording an opportunity for retrial or reconsideration." 26 U.S.C.A. (I.R.C. 1954) § 7453.