HENRY DONOVAN, Plaintiff, *v.* LARRY T. KANE, Defendant.

Supreme Court, Special Term, Broome County, December 27, 1947.

*Theodore Levene* for defendant.

*John R. Normile* for plaintiff.

DEYO, J. The action is for personal injuries suffered by the plaintiff when he slipped and fell on the sidewalk in front of defendant's premises. The complaint alleges that the defendant's servant undertook to remove an accumulation of ice and snow while rain was falling and forming a new coating of ice on the sidewalk, which created an unsafe condition and constituted a nuisance which the defendant failed to rectify. The plaintiff recognizes the general rule that an action for personal injuries cannot be predicated upon an abutting property owner's failure to remove a natural accumulation of ice and snow from a public sidewalk, even in violation of an ordinance imposing a duty upon him to keep the walk free from ice and snow (*Lee v. Ortiz*, 249 N. Y. 613), and admits that negligence may not be predicated upon a defendant's acts in sweeping away newly fallen snow, leaving ice exposed. (*Connolly v. Bursch*, 149 App. Div. 772; *Kelly v. Rose*, 265 App. Div. 948, decision amended 265 App. Div. 1068, affd. 291 N. Y. 611.) He seeks to distinguish the facts herein alleged from these general principles on the theory that by the removal of the snow the defendant permitted the falling rain to freeze on the bare sidewalk, thus creating a new and different hazard, and hence, under the doctrine of *Green v. Rosenberg, Inc.* (186 Misc. 79, affd. 269 App. Div. 819, affd. 295 N. Y. 584) the defendant may be held liable. The distinction is too fine spun, and if carried to its ultimate conclu-

sion, would be in direct variance with the law in this respect, as we understand it to be. Assume, for instance, that the rain had fallen and the ice had formed an hour or a day or a week after the snow had been removed. Under the plaintiff's theory, liability could still be predicated upon the original removal. Granting, for the purposes of this motion, that the defendant's acts created the dangerous conditions and constituted negligence, still there may not be a recovery. Such was the holding in *Kelly* v. *Rose* (*supra*) where the Appellate Division specifically affirmed the trial court's findings of fact to that effect, and still reversed on the law. (See likewise *Hendley* v. *Daw Drug Co.*, 267 App. Div. 943, affd. 293 N. Y. 790.)

The only authority for the plaintiff's contention that has come to my attention is *Nelson* v. *Schultz* (170 Misc. 681) which was specifically disapproved by the Court of Appeals in *Kelly* v. *Rose* (*supra*). It is my conclusion that in situations of this kind liability for negligence or nuisance may be predicated only upon the owner's affirmative acts in placing or accumulating ice and snow upon the sidewalk (*Green* v. *Rosenberg, Inc.*, *supra*) and may not be based on his acts in removing such ice and snow, even though such acts may expose or permit ice to form thereafter.

Motion to dismiss the complaint granted, with $10 costs to the defendant.