### UNITED STATES v. SMITH.

Cr. No. 30646.

United States District Court,
N. D. New York.

Argued June 5, 1950.

Decided July 7, 1950.

Irving J. Higbee, U. S. Atty., Syracuse, N. Y., Robert J. Leamy, Oneonta, N. Y., of counsel, for plaintiff.

Augustus C. Nelson, Lyons, N. Y., for defendant.

BRENNAN, Chief Judge.

The defendant, an officer of the Wayne Cheese Co. Inc., has been charged in a three-count indictment with attempting to defeat and evade taxes due and owing by the corporation to the United States of America for the calendar years 1943, 1944 and 1945, by filing false tax returns wherein the net income of the corporation for each of the years above mentioned was knowingly stated at an amount less than the true amount. The charges are in violation of Section 145 (b) of the Internal Revenue Code, 26 U.S.C.A. § 145(b).

The defendant moves for a bill of particulars as to each separate count of the indictment. The supporting affidavit alleges that the corporate income tax returns for the years mentioned in the indictment were prepared by employees of the corporation other than the defendant; that the defendant has checked same with the books of the corporation, and finds that they accurately represent the corporate income as disclosed by the books. The affidavit further alleges that the United States claims that items of income for the years in question were not entered on the books of the corporation and were omitted from the tax returns as filed. The defendant denies knowledge as to the items and by inference claims inability to prepare for trial. Particulars are requested in the interests of justice and to avoid surprise and delay.

The motion invokes the sound discretion of the court and the legal principles are not in dispute here. Himmelfarb v. U. S., 9 Cir., 175 F.2d 924.

The status of the defendant in the corporation during the period involved is not clear. In the affidavit he is referred to as the creamery manager and secretary of the corporation. In the indictment he is described as the vice-president. In any event the defendant dis-

claims knowledge of the details of the government's contention and the affidavit indicates that the finances and books of the corporation were handled or controlled by other officers or employees. If the theory of the government as indicated in the moving papers is correct, the defendant must meet evidence which shows the receipt by the corporation of items of income during each of the three years above mentioned, which do not appear in the corporate books, and were omitted from the corporate income tax returns. It would seem to be apparent that, if information as to such items is withheld from the defendant until the time of the trial, surprise, delay and possible injustice might result.

It is concluded that the motion should be granted to the extent that the United States of America should furnish a bill of particulars as to each of the three counts of the indictment which bill should contain a list of the items of income claimed to have been received by the Wayne Cheese Co. Inc. during the years referred to therein, which items were not entered upon the corporate books and were omitted from the income tax returns, including the amount of each item, the name of the payer and payee, the date, medium and method of payment.

It is ordered accordingly.