**DUNN v. J. P. STEVENS & CO., Inc.**
No. 96, Docket 22131.

United States Court of Appeals
Second Circuit.

Argued Nov. 8, 1951.

Decided Dec. 6, 1951.

Jay E. Rubinow, Manchester, Conn., for plaintiff-appellant.

Davis, Lee, Howard & Wright, P. Corbin Kohn, and Douglass B. Wright, all of Hartford, Conn., for defendant-appellee.

Before SWAN, Chief Judge, FRANK, Circuit Judge, and COXE, District Judge.

SWAN, Chief Judge.

This is a personal injury action commenced in a state court and removed to the federal court on the ground of diverse citizenship. Upon the pleadings (complaint and answer) the defendant moved for summary judgment. The motion was granted, and from the resulting judgment the plaintiff has appealed.

The defendant is the owner of premises abutting upon a public sidewalk upon which the plaintiff was walking when she fell and sustained the injuries for which she sues. The complaint alleged that her fall was caused by the negligence of the defendant in that it (a) removed snow from the sidewalk in a manner to expose ice beneath the snow; (b) did not use due care in the manner in which it plowed the snow; (c) after the plowing did not cover the sidewalk with sand; (d) did not warn pedestrians of the danger or take other measures to protect them; (e) did not keep the sidewalk in a reasonably safe condition for use; (f) undertook to remove snow and ice from the

sidewalk but neglected to exercise its undertaking in a proper manner; (g) "by not exercising due care in the manner in which it attempted the removal of snow and ice from the said sidewalk rendered the said sidewalk more slippery and dangerous than it would have been but for the aforesaid acts of the defendant." The answer alleged, as a first defense, that the complaint fails to state a claim upon which relief can be granted; as a second defense, denied the allegations of the complaint as to negligence; and as a third defense, pleaded contributory negligence on the part of the plaintiff. The defendant then moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground "that there is no genuine issue as to any material fact, and that the defendant is entitled to a judgment as a matter of law."

■■ The motion was based "upon the pleadings," without supporting affidavits, but supporting affidavits are not necessarily required under Rule 56(b). See Reynolds v. Needle, 77 U.S.App.D.C. 53, 132 F.2d 161. It would seem that the defendant might appropriately have moved for judgment on the pleadings under Rule 12(c), F.R.C.P. But since the moving party need not cite by their respective numbers the rules relied on when those rules are clearly indicated, Galdi v. Jones, 2 Cir., 141 F.2d 984, 992, the motion may properly be treated as attacking the complaint for failure to state a claim upon which relief can be granted.

■ The owner of land abutting on a public street is not liable to persons injured on the sidewalk by reason of natural accumulations of snow or ice. City of Hartford v. Talcott, 48 Conn. 525. This is true even though there exists a municipal ordinance, as there did in the case at bar, requiring abutters to remove snow and ice under penalty of a fine for failure so to do. Talcott case, supra, Willoughby v. New Haven, 123 Conn. 446, 197 A. 85. Consequently if the defendant had done nothing toward removing the snow, it would incur no liability to the plaintiff, even though it incurred liability to the city of Rockville for the fine imposed upon violators of the ordinance. Thus far the parties are in agreement as to the Connecticut law. But the plaintiff contends that when an abutting owner undertakes to plow the sidewalk, he assumes a duty to pedestrians to use reasonable care in the performance of his undertaking; and if he plows negligently, thereby rendering the sidewalk more dangerous, and if such negligence causes a user of the sidewalk to fall and sustain injuries, the person so injured may recover damages from the negligent abutter.

■ The district court rejected this contention, apparently construing the complaint as alleging that the defendant's negligence consisted only in removing the snow in such a manner as to expose a natural accumulation of ice which was allowed to remain uncovered by sand or other abrasive substance. If this were all that the complaint charged, it may well be that it failed to state a valid claim. Such appears to be the New York law. Connolly v. Bursch, 149 App.Div. 772, 134 N.Y.S. 141; Donovan v. Kane, 190 Misc. 473, 75 N.Y.S.2d 462. But we think the complaint is not subject to so narrow a construction. It alleged that the defendant "did not use due care in the manner in which it plowed" and that its negligence "in the manner in which it attempted the removal of snow and ice" rendered the sidewalk more slippery and dangerous than it would otherwise have been. Just how the plowing increased the danger does not appear from the complaint, but a plaintiff is not compelled to plead his evidence. If it should be proved at the trial that the defendant piled the snow in ridges on the walk or broke up the underlying ice in a manner to make it more dangerous than in its natural state and that the conditions so created caused the plaintiff's fall, the defendant would incur liability, in our opinion, under the familiar common law rule that persons who create a dangerous condition on a public way are liable to travelers injured thereby. Green v. Murray M. Rosenberg, Inc., Sup., 50 N.Y. S.2d 868, affirmed 269 App.Div. 819, 56 N.Y.S.2d 205, affirmed 295 N.Y. 584, 64 N. E.2d 286; Horowitz v. Bandler, 268 App. Div. 1054, 52 N.Y.S.2d 464. While Connecticut cases do not appear to have applied

the principle in the specific context now under discussion, dicta clearly indicate that they would do so. In Hartford v. Talcott, supra, 48 Conn. at page 532, the court said: "The individual owes no duty to the public in reference to the way except * * * to refrain from doing or placing anything thereon dangerous to the traveler." In Calway v. William Schaal & Son, Inc., 113 Conn. 586, 590, 155 A. 813, 815, appears the following language: "If one by his acts creates a dangerous condition in a highway * * * he is under a duty to use reasonable care to protect travelers from it; the liability for failure to do so does not arise out of the fact that the highway is defective, but out of the duty resting upon him to guard persons subjected to danger by his act." See also decisions cited in the footnote.[1]

■ The plaintiff also relies upon the theory that the defendant created a nuisance. See Hanlon v. Waterbury, 108 Conn. 197, 200, 142 A. 681, 682 where the court said: "If an abutting owner, a contractor, or any other person by his act made a dangerous hole in a sidewalk, he would have committed a nuisance, for which he would be responsible in damages for injury resulting from his act."

The district court was of opinion that the allegations of the complaint were insufficient for recovery in nuisance because there is no indication as to how long the alleged dangerous condition had continued prior to the time of the accident. Assuming such an allegation to be necessary, we think the plaintiff should be allowed an opportunity to amend her pleading to allege more fully the asserted nuisance. See Rule 15, F. R.C.P.

For the foregoing reasons we hold that error was committed in granting the defendant's motion for summary judgment.

Accordingly, the judgment is reversed and the cause remanded for further proceedings.

---

1. Defendants were found to have created dangerous conditions in the following cases: Calway v. William Schaal & Sons, Inc., 113 Conn. 586, 155 A. 813 (water dripping from a roof and forming ice on the sidewalk); Fabrizi v. Golub, 134 Conn. 89, 55 A.2d 625 (stairwell to basement with broken railing extended about four feet into sidewalk); Perkins v. Weibel, 132 Conn. 50, 42 A.2d 360 (grease leaking from building ran across sidewalk); Zatkin v. Katz, 126 Conn. 445, 11 A.2d 843 (steel girders extending beyond side and rear of truck traveling on the highway); Hanlon v. Waterbury, 108 Conn. 197, 142 A. 681 (gasoline from pumps spilled on the sidewalk).