**COMMISSIONER OF INTERNAL REVENUE, Petitioner,**

v.

**Peter LICAVOLI, Respondent.**
**No. 13135.**

United States Court of Appeals
Sixth Circuit.
Feb. 14, 1958.

Meyer Rothwacks, Washington, D. C. (Charles K. Rice, Hilbert P. Zarky, Washington, D. C., on the brief), for petitioner.

John F. Noonan, Detroit, Mich. (Joseph W. Louisell, Detroit, Mich., on the brief; Ivan E. Barris, Detroit, Mich., of counsel), for respondent.

Before MARTIN, McALLISTER and MILLER, Circuit Judges.

SHACKELFORD MILLER, Jr., Circuit Judge.

The Commissioner seeks review of the Decision of the Tax Court resulting from a ruling in a proceeding by the respondent taxpayer to review a deficiency assessment, which in practical effect struck from the record the Commissioner's answer, because of his failure or refusal to comply with the Court's order to file an

amended answer making a more complete statement of his defense. Following the ruling, the Tax Court rendered its Decision of no deficiency. The nature of the issue requires a somewhat detailed review of the pleadings.

The taxpayer filed this action in the Tax Court on May 27, 1955, contesting an income tax deficiency for 1947 in the amount of $42,733.86, together with a fraud penalty of $21,366.93. In addition to alleging that the Commissioner erroneously increased his net income for the taxable year, the petition stated that the deficiency assessment, notice of which was dated March 1, 1955, was barred by the Statute of Limitations.

The Commissioner filed an Answer on July 15, 1955, in which it was stated that the deficiency was due to fraud with intent to evade, and that accordingly, it could be assessed at any time in accordance with Section 276(a) of the Internal Revenue Code of 1939, 26 U.S.C.A. § 276(a). The Answer further alleged that for the taxable year in question the taxpayer reported net income of $27,066.68 and a tax of $8,839.12, when in truth and in fact, his correct net income and tax liability were $88,342.08 and $51,572.98, respectively, that taxpayer's books and records made available to the Commissioner were inadequate to correctly reflect his correct taxable income, and that an analysis of the taxpayer's net worth for the taxable years ending December 31, 1946, and December 31, 1947, showed a net increase in net worth and taxable income for 1947 as follows:

|  | 12–31–46 | 12–31–47 |
|---|---|---|
| Total Assets | $168,015.68 | $236,147.31 |
| Total Liabilities | 59,793.24 | 60,059.48 |
| Net Worth | $108,222.44 | $176,087.83 |
| Increase in net worth |  | $ 67,865.39 |
| Add: Personal Expenditures Income Taxes Paid and Living Expenses |  | 47,918.61 |
| Total Income (Corrected Taxable Income) |  | $115,784.00 |

The Answer further stated that the assets so listed consisted of bank balances, bonds, stocks, automobiles, personal and real property, business investments, loans and mortgages receivable.

On September 23, 1955, the taxpayer filed a motion that, because the allegations were so general in nature, the Commissioner be ordered to make the answer more definite and certain by supplying the following information: the names and locations of the banks and amount on deposit in each bank; that the stocks and bonds be identified by name and amount together with the purchase price or market value, whichever method of computation was being used; the make, purchase price or value of the automobiles; what the personal property consisted of and its value or market price; the location, purchase price and value of the real estate; that he identify the business investments and the amounts invested in each; the nature, date and amount of loans receivable; and the amount and the date of the mortgages and the persons to whom the money was loaned.

On September 28, 1955, the Tax Court ordered the Commissioner to file an Amended Answer setting forth the items making up the net worth alleged in the original Answer or show cause why the proceeding insofar as it related to the fraud issue, should not be dismissed for failure properly to prosecute.

On November 4, 1955, the Commissioner filed an amendment to the Answer to which was attached a schedule which, among other things, gave a breakdown of assets at cost as of December 31, 1946, and December 31, 1947. This gave total amounts for each of the separate items of bank balances, United States Government bonds, stocks, automobiles, personal property, real estate, mortgages and receivables, and business investments. It did not give the requested information about the names of the banks, a description of the bonds or stocks, or any information about the particular items comprising the automobiles, personal property and real estate.

On December 19, 1955, the taxpayer moved to dismiss the issue of fraud for the alleged failure of the Commissioner to comply with the order of September 28, 1955. Following a hearing, the motion was granted on January 18, 1956. On February 24, 1956, the Commissioner filed a motion for reconsideration. On March 2, 1956, the Tax Court vacated its order of January 18, 1956, and ordered the Commissioner to file an Amended Answer in which he would identify the banks and the balances in each, the United States Government bonds and stocks, the automobiles, the personal property and the real estate and the amounts which he related to each, or show cause on or before March 28, 1956, why the allegations relating to fraud should not be stricken.

After having obtained an extension of time within which to file the Amended Answer, the Commissioner on May 23, 1956, filed an Amended Answer, to which was attached the same exhibit which was attached to the first Amended Answer of November 4, 1955, and which did not give the detailed information which was required by the Tax Court's order.

On June 14, 1956, the Tax Court entered its order striking from the Answer, as amended, the allegations of fraud. In the absence of fraud the deficiency assessment was barred by the Statute of Limitations. In order to put the case in position for appellate review, the Commissioner moved for a decision in the proceeding on the basis of the pleadings, and on August 21, 1956, the Tax Court entered its Decision of no deficiency, now being reviewed.

In making the ruling the Judge of the Tax Court filed a Memorandum to Accompany Order in which he recognized that the net worth method upon which the Commissioner proposed to rely in his effort to prove fraud was one frequently used for that purpose. He stated, however, that one of the purposes of the rules of the Tax Court was to bring about an orderly, fair and time-conserving disposition of the issues, that the taxpayer was entitled to know what the facts were upon which the Commissioner relied to prove fraud so that he could prepare his defense and not be taken by surprise, and that it was essential that the facts be pleaded in sufficient detail that each allegation might be admitted or denied and the area of disagreement as to the facts reduced in that fashion to a minimum, thus conserving the time, effort and expense of all concerned, including the Court. He pointed out that this was particularly true in Tax Court pleadings, since no discovery or pre-trial procedure was expressly provided under which the taxpayer might gain the same information which is sought through the pleading. He stated that proper pleading and the factual details necessary would vary with circumstances and excessive detail should be avoided, but in the present case the Commissioner refused to break down any category shown in the net worth statement, that the Court was impressed with the taxpayer's argument that he should have further information in regard to net worth facts upon which the Commissioner was relying in support of the fraud issues, and that, in the exercise of his discretion, he had ordered the Commissioner to plead the items going to make up the net worth statement in greater detail.

The Commissioner contends that the Tax Court erred in requiring him to plead basic evidentiary details in an Answer in which he affirmatively alleged

fraud, both for the purpose of imposing the 50% addition to tax and to preclude the bar to Statute of Limitations. The taxpayer contends that the Tax Court was authorized under its rules to order the Commissioner to file a further and better statement of his defense to the action and that it was not an abuse of discretion on its part to require that an Amended Answer be filed giving the detailed information specified therein.

Section 7453, Internal Revenue Code of 1954, 26 U.S.C.A. § 7453, provides that the proceedings of the Tax Court shall be conducted in accordance with such rules of practice and procedure as the Tax Court may prescribe. This authority to prescribe its own rules of practice is not contested by the Commissioner. Rules 14(b), 17(c) (1) and 17 (c) (3) of the Rules of Practice, 26 U.S.C.A. (I.R.C.1954) § 7453 so prescribed by the Tax Court are the rules applicable to the present case.

Rule 14(b), dealing with the answer to be filed by the Commissioner after service upon him of the petition, provides, "The answer shall be drawn so that it will advise the petitioner and the Court fully of the nature of the defense. It shall contain a specific admission or denial of each material allegation of fact contained in the petition and a statement of any facts upon which the Commissioner relies for defense or for affirmative relief or to sustain any issue raised in the petition in respect of which issue the burden of proof is, by statute, placed upon him."

Rule 17(c) (1), dealing with amended pleadings, provides, "The Court upon its own motion, or upon motion of either party showing good cause filed prior to the setting of the case for trial on the merits, may order a party to file a further and better statement of the nature of his claim, of his defense, or of any matter stated in any pleading." Rule 17(c) (3) authorizes the Court to strike the pleading to which the motion was directed or to make such other order as it deems just if the order to file an amended pleading is not obeyed.

■ The Commissioner's contention that under well recognized procedure at the present time the purpose of a pleading is to state the ultimate facts constituting the claim or defense relied upon in short and plain terms without pleading the evidence in support of such facts is, of course, sound as a general principle of pleading. Such is the rule in the U. S. District Courts. Mutual Life Ins. Co. of New York v. Krejci, 7 Cir., 123 F.2d 594, 596; Dunn v. J. P. Stevens & Co., 2 Cir., 192 F.2d 854, 855.

■■ Under the Rules of Civil Procedure various discovery methods are available to litigants in the District Court to obtain whatever additional information is desired from the opposing party. Bowles v. Karp, 3 F.R.D. 327. But the Rules of Civil Procedure are not applicable in the Tax Court, and there is no rule of that court authorizing discovery procedure. Starr v. Commissioner, 7 Cir., 226 F.2d 721, 722, certiorari denied 350 U.S. 993, 76 S.Ct. 542, 100 L. Ed. 859; Lasky v. Commissioner, 9 Cir., 235 F.2d 97, 98, affirmed 352 U.S. 1027, 77 S.Ct. 594, 1 L.Ed.2d 598. Under Rules 14(b) and 17(c) (1) of the Tax Court to what extent a more detailed statement should be made by a pleading is a matter within the discretion of the trial judge. Commissioner of Internal Revenue v. Erie Forge Co., 3 Cir., 167 F.2d 71, 74. Compare: Polizzi v. Commissioner, 6 Cir., 247 F.2d 875; Evans v. Commissioner, 6 Cir., 222 F.2d 922. The Commissioner relies to some extent upon a number of cases dealing with an analogous issue under Rule 7(f), Federal Rules of Criminal Procedure, 18 U.S. C.A., and Rule 12(e), Federal Rules of Civil Procedure, 28 U.S.C.A., in which motions in the nature of a request for a bill of particulars were denied. There is a difference in wording between those rules and the rules of the Tax Court, but disregarding that, we believe such cases merely serve to point out that in each case it was a question which addressed itself to the discretion of the trial judge under the particular circumstances of that case, in the exercise of which the reviewing court found no abuse of dis-

cretion. There are other cases equally helpful to the taxpayer where such motions were sustained, some of which are: United States v. Smith, D.C.W.D.N.Y., 16 F.R.D. 180; United States v. Empire State Paper Corp., D.C.S.D.N.Y., 8 F. Supp. 220; Walling v. West Virginia Pulp & Paper Co., D.C.E.D.S.C., 2 F.R.D. 416; United States v. Griffith Amusement Co., D.C.W.D.Okl., 1 F.R.D. 229; Remick Music Corp. v. Interstate Hotel Co. of Nebraska, D.C.Neb., 2 F.R.D. 510.

█ The Commissioner also contends that the present ruling is a radical departure from the previous practice of the Tax Court. Gutterman Strauss Co. v. Commissioner, 1 B.T.A. 243. He points out that mindful of the increasing number of such motions in net worth cases the Tax Court has heretofore evolved and used a somewhat standardized order which requires the Commissioner in such cases to set out the net worth of the petitioner at the beginning and end of each of the taxable years, the general category and amounts of assets which make up said net worth, the amount of petitioner's living expenses for each of the taxable years, and any other factor requisite to the use of said net worth, without requiring the detailed information asked for in this case. Apparently, the use of such order in any particular case is optional, in that it has not been made a rule of court. Possibly, in the majority of cases the entry of such an order is appropriate. But the failure or refusal of a particular judge to use the order in a particular case because in his opinion it is not appropriate for that case can not be held by us to be reversible error in the absence of a finding by us of abuse of discretion on his part.

█ The Commissioner complains of the ruling for the reason that the taxpayer has been indicted in the District Court for wilful evasion of income taxes for the years 1950 and 1951 and that the Government's disclosure of its evidence in this case prior to the criminal trial might seriously impair prosecution by affording the taxpayer an opportunity to concoct defenses and by minimizing the possible effectiveness of cross examination if he should take the stand. On this issue we agree with the comment of the Trial Judge that the Tax Court must confine itself to its own problems. We do not believe that a rule of pleading in civil actions applicable in a case when no criminal action is pending, should be held not applicable in another case merely because a criminal action is pending. The trial of the civil case is independent of the criminal action.

█ As the foregoing discussion shows, the real question which we have in this case is whether the ruling of the Tax Court was, under the particular circumstances of the case, an abuse of discretion. An affirmance of the decision is not a ruling that we would reverse the decision if it had denied the motion, or that the Tax Court should hereafter follow such a ruling in all net worth tax cases.

In our opinion, the Judge of the Tax Court has stated reasons for the ruling which prevent us from classifying it as arbitrary or capricious. Essentially it was for the purpose of reducing the area of disagreement to a minimum, thus conserving the time, effort and expense of all concerned, including the Court. As pointed out in his Memorandum, with respect to the category of real estate, the Commissioner's total must obviously consist of several pieces having various costs. This is a factual matter controlled by records and documentary evidence. We see no prejudice to the Commissioner in disclosing what pieces of real estate are included in the total. Such disclosure would enable the taxpayer to concede the claim or make an issue thereof with respect to each piece, and thus not only expedite the case but afford the taxpayer the opportunity of preparing to meet only such issues as are actually involved. Other categories present similar questions.

Rule 31(b) (1), Rules of Practice before the Tax Court, states, "The Court expects the parties to stipulate evidence to the fullest extent to which complete

or qualified agreement can be reached including all material facts that are not or fairly should not be in dispute." Rule 31(b) (2) directs the party expecting to introduce any evidence which might possibly be stipulated to confer with his adversary promptly after receipt of the hearing notice in an endeavor to stipulate all facts *not already* stipulated. The argument of the Commissioner against disclosing his evidence because of the pending criminal proceedings based on practical considerations, loses most of its effectiveness if Rule 31 is to be enforced. The wording of Rule 31(b) (2) indicates that the duty of stipulating facts which can be stipulated is not restricted to a time after the hearing notice. No doubt, many of the facts which the Commissioner is presently refusing to disclose would be quickly stipulated if the Commissioner attempted to make a stipulation. In view of the refusal of the Commissioner to give the taxpayer the information which he seeks, the ruling of the Tax Court seems to be in furtherance of the purpose of Rule 31.

The Decision of the Tax Court is affirmed.