**Peter LICAVOLI and Grace Licavoli, his wife, Plaintiffs,**

v.

**R. I. NIXON, District Director, Internal Revenue Service, Detroit, Michigan,**

and

**United States of America, Defendants.**

Civ. A. No. 21595.

United States District Court
E. D. Michigan, S. D.

Jan. 3, 1962.

John F. Noonan, Detroit, Mich., for plaintiffs.

Lawrence Gubow, U. S. Atty., William H. Merrill, Asst. U. S. Atty., Detroit, Mich., for defendants.

THORNTON, District Judge.

This action was instituted approximately one month subsequent to the making, levying and assessing of jeopardy assessments against plaintiffs in the amount of $411,162.58 by the defendant District Director pursuant to Section 6861 of the Internal Revenue Code of 1954. It is the claim of plaintiffs, as set forth in their complaint, that said jeopardy assessments "constitute an illegal claim against plaintiffs' property for the reasons hereinafter more specifically alleged, causing them irreparable injury and harm * * *."

A hearing was had on the Show Cause Order issued by this Court as to why a preliminary injunction should not issue pending a trial before the Court on the merits. At the time of said hearing, argument was also had on defendants' motion to dismiss based upon three separate and distinct grounds—that the suit is prohibited by Section 7421 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7421; that it is also prohibited by 28

U.S.C.A. § 2201; that plaintiffs have an adequate and complete remedy at law. The Court has had the benefit of briefs submitted by counsel for the respective parties.

A short factual outline by way of background follows. Involved here is a notice of deficiency sent to plaintiffs March 1, 1955 pursuant to Section 272, Internal Revenue Code of 1939, 26 U.S.C.A. § 272 proposing to assess taxes, interest and penalties for 1947 against Peter Licavoli individually, and against Grace Licavoli individually, and for the years 1948–1951 inclusive against Peter and Grace Licavoli. On May 27, 1955 plaintiffs filed petitions with the Tax Court of the United States for redetermination of these deficiencies, these suits being assigned Nos. 58055, 58056 and 58057. The jeopardy assessments here complained of involve the taxes and penalties which were the subject matter of the notice of deficiency of March 1955 and of the petition for redetermination which is Docket No. 58057, said petition having been pending for over six years. Plaintiffs claim that their situation comes within the doctrine of the Miller v. Standard Nut Margarine Company case, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422 (1932) which carved out an exception to 26 U.S.C. § 154, which prohibited a suit to restrain the assessment or collection of any tax, which provision presently appears as Section 7421(a) of the Internal Revenue Code of 1954. In the Tax Court cases (3) the plaintiffs pleaded the bar of the statute of limitations as to all years except 1951 (included in Case No. 58057). The District Director countered this plea with the allegation of fraud. The Tax Court ordered the District Director to file a more detailed net worth statement in support of the fraud allegation. This was not done and the Tax Court ordered that the affirmative allegations in the three amended answers relied upon by the District Director in support of the fraud be stricken. This order was entered June 14, 1956 and a decision of no deficiency entered in Docket No. 58056. This was appealed to the Court of Appeals for the Sixth Circuit which affirmed the determination of the Tax Court. Commissioner of Internal Revenue v. Licavoli, 252 F.2d 268 (February 14, 1958).

It is the contention of plaintiffs that the appeal in No. 58056 and the resulting affirmance of the Tax Court determination have the force of a collateral estoppel as to assessments for taxes involving the years 1948–1950 and for penalties involving the years 1948–1951, all of the cases involving the same taxpayers, same issues and affected similarly by the June 14, 1956 determination of the Tax Court.

In October 1959 a motion to file a second amended answer was filed, and granted by the Tax Court ex parte. Plaintiffs moved to strike these answers in Nos. 58055 and 58057. This was denied by the Tax Court on January 20, 1960. Plaintiffs next moved for reconsideration and for an entry of an order pursuant to the Interlocutory Appeal Act, 28 U.S.C.A. § 1292. These motions were denied November 14, 1960.

The above then constitutes the background data of the matter here presented to this Court. The jeopardy assessments attacked were made pursuant to statutory authority by virtue of the assessed deficiencies, 26 U.S.C.A. § 6861. Plaintiffs contend them to be vulnerable because of alleged illegality of and in the continuation of the Tax Court cases as pending matters. If the Tax Court cases are being illegally continued and are invalid, or without standing, then the jeopardy assessments would of course fall.

We are of the opinion that this Court is without jurisdiction to make a determination as to the status of the Tax Court cases—whether their continuation is or is not proper. A federal district court does not sit as a reviewing court in relation to the Tax Court nor does it function as a taskmaster. Any supervisory power as to it rests in the Court of Appeals. The type of action we are here asked to take preliminarily, issue-wise and finally, would constitute usurpation of the Tax Court's functions and

prerogatives. The cases cited by plaintiffs in support of their contention in nowise are comparable on the facts. For this reason we are not able to accept them as controlling for purposes of the matter here.

We must therefore, based on the foregoing, deny the motion for preliminary injunction and grant defendants' motion to dismiss.

An order may be presented accordingly.