STANLY, W. A., Associate Judge.
Appellant, a duly licensed Florida real estate brokerage firm which was plaintiff below, sued the appellees Mannheimer and Wolf, together with another party, Johnson, who is not involved in this appeal, to recover real estate commissions alleged to be due it by said persons. The parties will be referred to as they stood in the trial court.
Summary final judgments were entered by the trial judge in favor of the two defendants, Mannheimer and Wolf. However, the case remains pending in the trial court against the third defendant, Johnson. Use herein of the term “defendants” will refer only to the two defendants, Mannheimer and Wolf, except when otherwise expressly indicated.
The sole question presented on this appeal is one of procedure, namely: whether the trial court erred in entering the summary final judgments in favor of defendants when there remained in the case undisposed of motions to dismiss plaintiff’s complaint for failure to state a cause of action not theretofore called up for hearing and disposition by the court. Plaintiff contends that, in view of the pendency of such un-disposed of motions to dismiss, the Court should have simply dismissed such complaint and granted to plaintiff leave to amend its complaint rather than entering summary final judgments which deprived plaintiff of opportunity to proceed further against said defendants.
Prior to the entry of such judgments, neither the plaintiff nor defendants sought a hearing upon the aforementioned motions to dismiss the complaint for failure to state a cause of action. Parenthetically, it may also be said that the other defendant, Johnson, likewise filed a motion to dismiss plain *186 tiff’s complaint, which has never been noticed for hearing, but has not yet filed answer in the case.
Plaintiff freely admits that its complaint is defective and fails to state a cause of action; and further that it has never sought permission of the trial court to file an amended complaint. So it is by this appeal that plaintiff, for the first time, reveals any desire for an opportunity to amend its complaint. At this belated date plaintiff asserts that it could, by amendment of its complaint if permitted, state a cause of action against the three defendants on the theory that they conspired with one another to create a corporation controlled by them, and for their benefit, to purchase the subject property so as to wrongfully deprive the plaintiff of its rightful real estate commission on the sale. To support such newly developed theory and desire, plaintiff now contends that ample testimony appeared in the discovery depositions that were considered by the trial judge upon which to predicate and successfully plead, via an amended complaint, a civil conspiracy as aforementioned to defraud plaintiff of its broker’s commission. It is urged that the Court should have detected the possibility of a valid amendment to the complaint, not theretofore amended, and invoked its discretion to grant defendants’ motions to dismiss, with leave to amend the complaint, instead of summarily terminating the litigation against defendants. Plaintiff points out that existing rules of procedure make no provision for the trial judge to entertain a petition for rehearing after entry of summary judgment.
Plaintiff’s complaint was framed in four separate counts. Counts I and III were directed solely against the defendant Johnson, who is alleged to have exercised the indicia of ownership of the land in question and to have listed the same, or a portion thereof, with plaintiff for sale, thereby impliedly agreeing to pay plaintiff the standard real estate broker’s commission for producing purchasers as alleged. Neither of such counts sought any relief against the defendants Mannheimer and Wolf, and therefore such defendants should not have been subjected to litigation on the issues plead therein. However, counts II and IV were directed against all three defendants. Such latter counts realleged the allegations of count I and further stated that subject land was purchased, or optioned for purchase, by one or more corporations created and controlled by the three defendants for the purpose of wrongfully depriving plaintiff of its commission.
Defendants filed answers to all counts of the complaint, and incorporated therein motions to dismiss the complaint for failure to state a cause of action. Defendants also promptly filed motions for summary judgment. The taking of voluminous depositions on behalf of all parties ensued, on completion of which defendants diligently noticed their motions for summary judgment for hearing and filed with the court and opposing counsel a lengthy memorandum in support of the granting thereof. Thereupon, at plaintiff’s request, defendants indulged plaintiff in several postponements of scheduled hearings upon said motions for summary judgment, but ultimately pressed same for hearing before the court after a lapse of approximately one year following their date of filing. At such hearing the court granted plaintiff’s counsel seven days, followed by further extension of time, to file memorandum in opposition. The trial judge thereafter inquired of plaintiff’s counsel on three occasions in futile effort to obtain submission of a memorandum on behalf of plaintiff in opposition to such motions for summary judgment. After fully advising itself on the matter, the learned trial judge entered summary final judgments in favor of the defendants.
Plaintiff recognizes the absence of any clear-cut Florida case law to support its contentions here, but in such behalf cites the federal cases mentioned below. It also invites attention to the huge amount of por tential damages being sought and the heavy litigation expense incurred; and also relates a course of peculiar, and mysterious conduct on the part of its associate attorney who, without knowledge of other members of plaintiff’s law firm, failed to dis *187 charge his responsibility to diligently represent plaintiff in the trial court.
The three federal cases relied upon by plaintiff to justify its contentions presented factual situations differing widely from the case brought here on appeal. In Dunn v. J. P. Stevens & Co., 2 Cir., 192 F.2d 854 it appeared that although defendant filed a pleading which it designated a motion for. summary judgment, such designation was improper in that it was not accompanied by supporting affidavits or depositions — an indispensable requirement under the applicable rules. That court observed that in the absence of any requirement of the rule for the moving party to cite the respective rule relied on, and in view of the fact that mov-ant may have appropriately moved for judgment on the pleadings without supporting affidavits or depositions, it could exercise its discretion to treat such motion as though it was one to dismiss for failure of the complaint to state a cause of action. Invoking such discretion, the appellate court reviewed the complaint to ascertain if it stated a cause of action in negligence. Finding that it failed to do so in a single aspect as hereinafter set forth, the appellate court felt that plaintiff should be allowed an opportunity to amend its complaint to allege more fully the length of time the alleged dangerous condition had continued prior to the accident in question, and remanded the cause for such purpose. In the instant case voluminous depositions and affidavits accompanied the motions for summary judgment, and the court definitely, and properly, treated them as such. Such variations of fact render it obvious that the two cases bear no close analogy to each other, and therefore the cited case is not persuasive on the point here on appeal.
In Downey v. Palmer, 2 Cir., 114 F.2d 116, the plaintiff sued defendant upon a bank stock assessment based upon statutory liability of stockholder. Defendant’s answer set up, as a first defense, prior payment of a portion of the assessment which had been accepted in full satisfaction and discharge of her indebtedness; and, as a second defense, that the cause of action stated in the complaint was barred by the three year statute of limitation. Plaintiff filed a reply to the first defense alleging that the alleged release had been obtained by false and fraudulent representations and that upon discovery of such fraud plaintiff elected to rescind the release. Thereupon defendant moved for summary judgment on ground that the second defense was a bar to the action; and plaintiff made a cross-motion to dismiss said second defense as insufficient in law. Plaintiff’s cross-motion was denied and defendant’s motion for summary judgment was granted, “but zvithout prejudice to the institution by the plaintiff of mi action based on the alleged fraud of the defendant.” Thus the trial court recognized that the alleged fraud might well form the basis of a cause of action wherein the six year, rather than the aforementioned three year, statute of limitation would be applicable; and, as the longer six year period had not yet tolled to bar a revised action for damages based upon fraudulent misrepresentations, sought to preserve such privilege to plaintiff. However, the appellate court apparently saw no necessity for putting plaintiff to the extra inconvenience and expense of a separate suit and considered it appropriate to allow plaintiff to replead the fraud in the currently pending case, notwithstanding that no request to do so had been previously presented to the trial court. To accomplish such wholesome purpose the appellate court had no alternative but to remand the case with directions to set aside the summary judgment and permit the aforementioned amendment in that same case. In the instant case, it is pertinent to observe that the chancellor who considered the pleadings, depositions and affidavits to which plaintiff now refers to support his novel contention, conspicuously omitted to include in the summary judgments under appeal any “without prejudice” clause such as underscored above, and indicated no reservation of finality in its judgment terminating the action against the defendants, thereby clearly distinguishing the two cases.
*188 Also cited was the case of Rossiter v. Vogel, 134 F.2d 908. There the basis on which the appellate court set aside the summary judgment was that it found that triable issues of fact were presented by the pleadings, thereby affording ample cause to preclude the attempted summary disposition.
In the absence of defendants’ motions to dismiss the complaint for failure to state a cause of action ever having been noticed for hearing, it was not error for the trial court to first hear and decide the motions for summary judgment in the exercise of its inherent power over its docket. See Lewis v. Lewis, Fla.1954, 73 So.2d 72; Cook v. Navy Point, Inc., Fla.1956, 88 So.2d 532.
A review of the facts gleaned from the record, in the light of the applicable law, convinces this court that no reversible error was committed by the trial court.
Accordingly the judgments appealed are affirmed.
ALLEN, Acting C. J., and WHITE, J., concur.