OSBORNE F. HALL A/K/A SHAKEY HALL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hall v. Commissioner
Docket No. 14748-83.
United States Tax Court
T.C. Memo 1984-437; 1984 Tax Ct. Memo LEXIS 235; 48 T.C.M. (CCH) 887; T.C.M. (RIA) 84437; August 14, 1984. *235 P moved under Rule 52, Tax Court Rules of Practice and Procedure, for an order striking a portion R's answer. P asserts that these allegations are redundant, immaterial, impertinent, frivolous, and scandalous. P also asserts that R's answer fails to meet the requirements of Rules 31(b) and 36(b), Tax Court Rules of Practice and Procedure.Held, R has properly pleaded allegations of fact in his answer. Held further, P's motion is denied. James D. O'Donnell, for the petitioner. William R. McCants, for the respondent. CANTREL
MEMORANDUM OPINION CANTREL, Special Trial Judge: This case is before the Court on Petitioner's Motion to Strike, filed *236 on September 19, 1983 pursuant to Rule 52, Tax Court Rules of Practice and Procedure.[1] The sole issue raised by the motion is whether portions of respondent's answer should be stricken as redundant, immaterial, impertinent, frivolous, and scandalous or as violative of the requirements of Rules 31(b) and 36(b). At the conclusion of the hearing on petitioner's motion at Washington, D.C. on October 26, 1983, the Court took the motion under advisement. [2]
Respondent in this notice of deficiency issued to petitioner on April 4, 1983, determined deficiencies in petitioner's Federal income tax and additions to the tax for taxable calendar years 1978, 1979, 1980 and 1981 in the following respective amounts: Additions to Tax, I.R.C. 1954
Years
Income Tax
Section 6653(b) [3]
Section 6654
1978
$ 89,386.59
$ 44,693.30
$ 2,853.52
1979
103,740.55
51,870.28
4,321.31
1980
93,449.95
46,724.98
5,680.74
1981
41,389.60
20,694.80
3,171.46
$327,966.69
$163,983.36
$16,027.03
*237 These amounts were adjusted in respondent's answer filed on August 10, 1983. The adjustments reflected deficiencies in the following respective amounts: Additions to Tax, I.R.C. 1954
Years
Income Tax
Section 6653(b)
Section 6654
1978 [4]
$187,247.60
$ 93,623.80
$ 5,977.57
1979 [4]
110,119.30
55,059.65
4,586.87
1980
18,292.16
9,146.08
1,165.89
1981
35,545.94
17,772.97
2,723.68
$351,205.00
$175,602.50
$14,454.01
The deficiencies are based on unreported gross income from gambling operations. Respondent used the bank deposits and cash expenditures method to compute petitioner's gross income for the years at issue. Petitioner did not file Federal income tax returns for any of the years at issue. Respondent, in his answer, made affirmative allegations respecting the additions to tax under section 6653(b), the burden of proof for which is upon respondent. Section *238 7454(a); Rule 142(b). These affirmative allegations are contained in 101 subparagraphs, some with related subparts. Petitioner, by and through his motion to strike, claims that the allegations in subparagraphs 8(m) through 8(cv) of respondent's answer are redundant, immaterial, [5] impertinent, frivolous and scandalous and should be stricken from the answer. In the alternative petitioner claims that the allegations are not clear, concise, and direct statements as required by Rules 31(b) and 36(b). *239 The allegations at issue generally pertain to: 1. Statements made by petitioner regarding his income and taxes for the years at issue; 2. Petitioner's failure to file Federal income and wagering tax returns; 3. Petitioner's lavish lifestyle during the years at issue; 4. Petitioner's attempt to conceal his assets through the use of relatives as nominees, investment in highly liquid assets, and methods of currency transactions; 5. Petitioner's attempt to thwart the investigation into his Federal tax liability, including threats made to one of respondent's agents and a witness; 6. Petitioner's knowledge of his income for the years at issue and his duty to report such income; 7. Potential sources of petitioner's income as evidenced by arrests for gambling; 8. Respondent's assessment of the Federal wagering tax and failure to collect this tax because of petitioner's concealment of assets; and 9. The ultimate fact of fraud. Respondent contends that he has properly raised the factual allegations in his answer. [6] For the reasons stated hereinbelow, we agree. *240 Upon the motion of a party or upon the Court's own initiative the Court may order stricken from any pleading any insufficient claim or defense or any redundant, immaterial, impertinent, frivolous or scandalous matter. Rule 52.A motion to strike, as with other motions, must state with particularity the grounds therefor. Rule 50(a). Motions to strike are not favored by Federal courts. Estate of Jephson v. Commissioner,81 T.C. 999, 1001 (1983); Allen v. Commissioner,71 T.C. 577, 579 (1979). "Matter will not be stricken from a pleading unless it is clear that it can have no possible bearing upon the subject matter of the litigation." 2A J. Moore, Federal Practice, par 12.21[2], p. 2429 (2d. 1968); fn. ref. omitted. [7] Further, a court need not strike allegations which are redundant or immaterial if their presence in the pleading cannot prejudice the adverse party. 2A J. Moore, Federal Practice, par. 12.21[2], p. 2431 (2d. 1968). *241 Pleadings in this Court are governed by Title IV of the Tax Court Rules of Practice and Procedure. Rule 31 enunciates the general rules of pleadings, requiring, inter alia, that "[e]ach averment of a pleading shall be simple, concise, and direct. * * *." Rule 31(b). Rule 31(b) is derived from Rule 8(e)(1) of Federal Rules of Civil Procedure. However, the Advisory Committee Notes to Rule 31(b) emphasize that the new rule does not represent a change in practice before this Court. 60 T.C. 1057, 1081 (1973). Rule 36(b) sets forth further criteria for the form and content of an answer, stating in pertinent part: * * * [T]he answer shall contain a clear and concise statement of every ground, together with the facts in support thereof, on which the Commissioner relies and has the burden of proof. [60 T.C. 1057, 1086 (1973).] Unlike Rule 31(b), Rule 36(b) is not derived from the Federal Rules of Civil Procedure but is based on former Rule 14(b) of the Tax Court Rules of Practice in effect on December 31, 1973. Under former Rule 14(b) full rather than incomplete, fragmentary, or vague pleadings are required. *242 Klein v. Commissioner,45 T.C. 308, 311 (1965). Facts should be plead in sufficient detail so that each allegation can be admitted or denied and the area of disagreement as to the facts reduced to a minimum. Commissioner v. Licavoli,252 F.2d 268, 271 (6th Cir. 1958), affg. a Memorandum Opinion of this Court dated June 14, 1956. [8] The requirements of full pleading were not abandoned with the adoption of the present Tax Court Rules of Practice and Procedure. The Advisory Committee Notes explain the relationship of the Federal Rules of Civil Procedure to Rule 36(b), stating in pertinent part: * * * More detailed requirements, based on FRCP 8 and on the underlying approach to pleading in Rule 31(a), have been inserted with objective of obtaining an answer which is informative to the petitioner and the Court of the nature of the defense and the facts on which it is founded. * * * [60 T.C. 1057, 1086 (1973).] Our rules continue to require that respondent plead the facts on which respondent relies in any affirmative allegations in his answer, and to the extent that cases interpreting the Federal *243 Rules of Civil Procedure require that factual matter be eliminated from the pleading, they are inapplicable to determining the acceptable scope of pleadings in this Court. Here, petitoner asserts that subparagraphs 8(m) through 8(cv) of respondent's answer are redundant, immaterial, impertinent, frivolous and scandalous and should be stricken from the answer pursuant to Rule 52. After a careful review of each of these allegations, we do not agree. These subparagraphs relate to respondent's affirmative allegations of fraud under section 6653(b). Fraud may be inferred from a course of conduct. Spies v. United States,317 U.S. 492, 499 (1943); Loftin and Woodard, Inc. v. United States,577 F.2d 1206, 1238-1239 (5th Cir. 1978). Here, respondent will undoubtedly seek to meet his burden of proving his fraud allegations by *244 demonstrating that petitioner pursued a course of conduct designed to conceal the fact of tax liability for the years at issue, that petitioner was aware that he had income from gambling and other sources, and that petitioner was aware that he should have filed Federal income tax returns for the years at issue.The subparagraphs at issue are the factual allegations underlying respondent's allegation of fraud. Clearly, these subparagraphs have a bearing on the subject matter of the litigation and should not be stricken. [9]
In the alternative petitioner regues that respondent's answer fails to meet the requirements of Rules 31(b) and 36(b) because of the factual detail of the pleading. Petitioner cites Asay v. Hallmark Cards, Inc.,594 F.2d 692 (8th Cir. 1979); Budget Dress Corp. v. International Ladies' G. Wkrs. U.,25 F.R.D. 506 (S.D.N.Y. 1959); and Johns-Manville Sales Corp. v. Chicago Title & Trust Co.,261 F.Supp. 905 (N.D. Ill. 1966), *245 in support of his contention that the Court should strike the subparagraphs at issue. The cases cited by petitioner interpret the pleading requirements under Rules 8(a)(2) and 8(e)(1), Federal Rules of Civil Procedure. Unlike the Federal Rules of Civil Procedure, our rules require that respondent enumerate the facts on which respondent relies where respondent has the burden of proof. Respondent has done so here. On the basis of this record we must and do deny petitioner's motion to strike. In accordance with the foregoing An appropriate order will be issued.
Footnotes
1. Unless otherwise specified, all rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. This case was assigned pursuant to sec. 7456(c) and (d), Internal Revenue Code of 1954↩, as amended and Delegation Order No. 8 of this Court, 81 T.C. XXV (1983).
3. Unless otherwise specified, all section references are to the Internal Revenue Code of 1954, as amended, and in effect during the applicable periods.↩
4. Pursuant to Rule 142(a) the burden of proof shall be on respondent as to any increases in deficiency.↩
5. Petitioner maintains that many of the allegations in respondent's answer are substantially identical to those set forth in an unrelated forfeiture proceeding in the Fourth Judicial Circuit Court of Duval County, Florida and are not relevant to a determination under sec. 6653(b). Respondent's trial counsel acknowledged that many of the allegations were identical to those in the prior proceeding and explained that he, in fact, had prepared the pleading in the forfeiture proceeding. He further explained that in preparing the answer he had used paragraphs from the pleading in the forfeiture proceeding where he determined them appropriate to the proceeding in this Court. [Transcript, ps. 20, 21.]↩
6. Respondent also claims that petitioner's motion was not timely filed pursuant to the requirements of Rule 52. Rule 54 permits the Court, in its discretion, to permit the filing of an untimely motion. Pursuant to Rule 54 we permitted petitioner to file his motion after the period prescribed in Rule 52↩. [Transcript p. 14.]
7. Rule 52 is derived from Rule 12(f) of Federal Rules of Civil Procedure. Hence, with respect to questions concerning the interpretation of Rule 52, the history of Rule 12(f) and the authorities interpreting such rule may be considered by the Tax Court. Rule 1(a); Estate of Jephson v. Commissioner,81 T.C. 999, 1000-1001 (1983); Allen v. Commissioner,71 T.C. 577, 579↩ (1979).
8. In part, detailed pleadings were required under the Rules of Practice because discovery was not available in Tax Court proceedings. Commissioner v. Licavoli,252 F.2d 268, 271-272↩ (6th Cir. 1958). Under Rule 70 of the present Tax Court Rules of Practice and Procedure, discovery is available to the parties.
9. Petitioner's assertion that an allegation as to the ultimate fact of fraud in subparagraph 8(cv) should be stricken as immaterial, impertinent, scandalous, or redundant has already been rejected by this Court. Allen v. Commissioner,supra↩ at 579.