**John WEST, Appellant,**

v.

**Fred D. MORRIS, Sr., et al., Appellees.**

**No. 96–CV–39.**

District of Columbia Court of Appeals.

Argued Jan. 12, 1998.
Decided May 28, 1998.

John West, pro se.

Johnny M. Howard, Washington, DC, for appellee, Fred D. Morris, Sr.

Curtis J. Lewis, Washington, DC, for appellees, Temple Church of God in Christ, Inc., Warren G. Crudrup, Sr., Marietta Briley, Auz Chappel, Whillamenia Ginn, Oceola Hall, Herman Cannady, Mildred Linzy, Carrie D. Thaxton, George Sullivan, and Temple Church Board of Trustees.

Thomas Ruffin, Jr., Washington, DC, for appellee Thomas Ruffin, Sr.

Before SCHWELB, FARRELL, and RUIZ, Associate Judges.

SCHWELB, Associate Judge:

John West alleged in his *pro se* complaint, filed on August 31, 1995, that the defendants, including the Temple Church of God in Christ, a non-profit corporation, and several church officials and related entities, failed to provide proper notice of a business meeting of the church at which one of the defendants, Fred D. Morris, Sr., was elected as pastor. West claimed that he was entitled to such notice pursuant to Section 15 of the District of Columbia Nonprofit Corporation Act (DCNCA), D.C.Code § 29–515 (1996). West sought an award of damages, a new election, and an order directing Morris to return all moneys that had been paid to him as pastor.

Shortly after the complaint was filed, all of the defendants except for Morris moved to dismiss the action for failure to state a claim upon which relief may be granted. On November 14, 1995, in a 5-page written order, the trial judge dismissed the complaint as to the moving defendants. Believing the motion to be unopposed, the judge held that dismissal was required because West had failed to allege in his complaint that he was a *bona fide* member of the church.[1] She also held that the designation of Morris as pastor was protected from judicial intervention by the First Amendment.

---

1. West filed a motion for reconsideration of the order of dismissal and pointed out that the motion to dismiss was not unopposed. On December 19, 1995, the judge denied the motion for reconsideration.

On November 24, 1995, West filed a notice of appeal from the order of November 14, contending that the complaint was erroneously dismissed.[2] We affirm.

## I.

■ At the time West filed his appeal, this court lacked jurisdiction to entertain it. "[S]ubject to limited exceptions not applicable here, [D.C.Code § 11–721 (1995)] bars an appeal unless the order appealed from disposes of all issues in the case; it must be final as to all the parties, the whole subject matter, and all of the causes of action involved." *Davis v. Davis*, 663 A.2d 499, 503 (D.C.1995) (citation and internal quotation marks omitted). "In the absence of the requisite determination and direction under [Super. Ct. Civ. R.] 54(b), an order disposing of claims against fewer than all of the parties is not appealable." *Dyhouse v. Baylor*, 455 A.2d 900, 901 (D.C.1983) (per curiam). An order is final only if it "dispose[s] of the whole case on its merits so that the court has nothing remaining to do but to execute the judgment or decree already rendered." *Camalier & Buckley, Inc. v. Sandoz & Lamberton, Inc.*, 667 A.2d 822, 825 (D.C.1995) (citation and internal quotation marks omitted).

■ Although the trial judge's reasoning in her order of November 14, 1995 applied logically to West's claims against all of the defendants, one of those defendants—Fred D. Morris, Sr.—remained in the case. The order of November 14, 1995 did not dispose of the entire litigation, and at the time the notice of appeal was filed, the appeal was subject to dismissal as premature.

In this case, however, as in *Robinson v. Howard Univ.*, 455 A.2d 1363, 1366 n. 1 (D.C.1983), "by the time the appeal was submitted to this panel, it was final." This is so because, on March 7, 1996, the complaint was dismissed against Morris, the only remaining defendant. Accordingly, this court has jurisdiction of the appeal from the November 14, 1995 order "even though the appeal was technically premature." *Id.; see also Dyer v. William S. Bergman & Assocs., Inc.*, 635 A.2d 1285, 1287 (D.C.1993).

## II.

■ In granting defendants' motions to dismiss, the trial judge correctly stated:

Dismissal of a *pro se* complaint for failure to state a claim pursuant to Super Ct. Civ. R. 12(b)(6) is only warranted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Hughes v. Rowe*, 449 U.S. 5, 10, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)).

The judge nevertheless dismissed the complaint on the pleadings. The judge pointed out that the defendant church was incorporated under the DCNCA, which defines a member as "one having membership rights in a corporation in accordance with the provisions of its articles of incorporation or by-laws." D.C.Code § 29–502(6). The complaint was deficient, according to the judge, because

Plaintiff has failed to assert that he is a bona fide member of the defendant Temple Church of God in Christ, Inc., and has introduced no evidence, such as "church articles of incorporation, by-laws, or rules and regulations," to define or establish membership criteria. *Williams v. Board of Trustees of Mount Jezreel Baptist Church*, 589 A.2d 901, 909 (D.C.[ ]), *cert. denied*, 502 U.S. 865, 112 S.Ct. 190, 116 L.Ed.2d 151 (1991). Plaintiff, therefore has failed to allege any basis for a finding of standing to maintain his cause of action.

In his complaint, West did not aver in so many words that he was a member of the church. He alleged, however, "that all the defendants violated plaintiff['s] rights pursuant to D.C. [Code] § 29–502(6)...." That provision, as we have seen, defines the term "member" as used in the DCNCA. Under conventional liberal rules of "notice" pleading, this indirect allegation of membership might well be sufficient to withstand a motion to dismiss for failure to state a claim upon which relief may be granted. *See, e.g., Dunn v. J.P. Stevens & Co.*, 192 F.2d 854,

---

2. On March 7, 1996, the judge entered a separate · order dismissing the complaint against Morris.

855 (2d Cir.1951) ("a plaintiff is not compelled to plead his evidence"); *Bogosian v. Gulf Oil Corp.*, 561 F.2d 434, 446 (3d Cir. 1977) ("[i]t is not necessary to plead evidence, nor is it necessary to plead the facts upon which the claim is based"); *Control Data Corp. v. IBM Corp.*, 421 F.2d 323, 326 (8th Cir.1970) ("[i]t has long been basic to good pleading that evidentiary matters be deleted").

■ Under our case law, however, the sufficiency of West's complaint cannot be evaluated by resort to conventional standards of notice pleading. The meeting in which West claims to have been denied the opportunity to participate related to the election and appointment of a pastor. West has asked that the election of Morris be set aside. The controversy thus implicates a core religious activity.[3] In filing suit against the church in relation to such an issue, West "immediately confronted a potential First Amendment bar to the trial court's subject matter jurisdiction." *Bible Way Church of Our Lord Jesus Christ of the Apostolic Faith v. Beards*, 680 A.2d 419, 427 (D.C.1996), *cert. denied*, ── U.S. ──, 117 S.Ct. 1335, 137 L.Ed.2d 494 (1997).[4] This was so because the Free Exercise Clause precludes civil courts "from adjudicating church fights that require extensive inquiry into matters of ecclesiastical cognizance." *Id.* (citations and internal quotation marks omitted).

■ In cases which may implicate conduct protected by the Free Exercise Clause, greater specificity of pleading is required than in other kinds of suits. *Id.* at 429 (citing *Byrd v. Faber*, 57 Ohio St.3d 56, 565 N.E.2d 584, 589 (1991); *Letica Corp. v. Sweetheart Cup Co.*, 790 F.Supp. 702, 706 (E.D.Mich.1992)). We explained in *Bible Way Church* that

> when the First Amendment casts a shadow over the court's subject matter jurisdiction, the plaintiff is obliged to plead unqualified jurisdictional facts that clearly take the case outside the constitutional bar. There is no justifiable reason to make a church answer a complaint, let alone go through discovery, unless a plaintiff specifically and unequivocally pleads all facts necessary to establish the court's jurisdiction.

680 A.2d at 430. After noting that in fraud cases, among others, "fairness to the defendant requires unequivocal, specific allegations signed by the plaintiff ... that verify the truth of the charges in detail," we concluded that "[n]o less should be required when the Constitution severely circumscribes the court's subject matter jurisdiction over church controversies." *Id.*

■ Assessed against the *Bible Way Church* standard, West's complaint was insufficient. His allegations did not clearly establish that he was a member of the church, or that he was entitled, under the church's articles of incorporation or by-laws, to notice of, or the right to participate in, the election of the pastor.[5] Accordingly, we sustain the trial judge's holding that the complaint failed to state a claim on which relief

---

3. "The right to choose a minister without judicial intervention underlies the well-being of religious community, for perpetuation of a church's existence may depend upon those whom it selects to preach its values, teach its message, and interpret its doctrines both to its own membership and [to] the world at large." *United Methodist Church, Baltimore Annual Conference v. White*, 571 A.2d 790, 794 (D.C.1990) (quoting *Rayburn v. General Conference of Seventh-day Adventists*, 772 F.2d 1164, 1167–68 (4th Cir.1985)).

4. Our view that there was a *potential* constitutional bar to West's lawsuit does not necessarily mean that the relief he *sought* would have contravened the First Amendment. See note 6, *infra*.

5. We do not believe that West's status as a *pro se* litigant warrants a different result. In some cases, *e.g.*, in suits by indigent prisoners seeking redress against alleged denials of their constitutional rights, *pro se* plaintiffs have been held to less stringent pleading standards than other litigants. *See, e.g., Haines, supra*, 404 U.S. at 520, 92 S.Ct. 594. This is not a suit by an indigent prisoner, however, and the considerations that led this court to hold that the complaint in *Bible Way Church* was insufficient—namely that a church should not be required to file an answer or engage in discovery unless the plaintiff has clearly alleged the necessary jurisdictional facts—apply with equal force here. "[A]lthough a plaintiff has the right to proceed *pro se*, such a litigant can expect no special treatment from the court." *Abell v. Wang*, 697 A.2d 796, 804 (D.C. 1997) (citations omitted).

may be granted.[6]

*Affirmed.*[7]

---

6. We emphasize that our decision is based entirely on the failure of West's complaint to meet the heightened pleading standards articulated in *Bible Way Church*. We need not and do not reach the difficult substantive question whether a church which has elected to incorporate under the DCNCA may successfully assert a First Amendment defense against a well-pleaded complaint alleging, with sufficient specificity to satisfy *Bible Way Church*, that the church has conducted a meeting without complying with the requirements of that statute or with its own articles of incorporation or by-laws. *Cf. Employment Div., Dep't of Human Resources of Oregon v. Smith*, 494 U.S. 872, 879, 110 S.Ct. 1595, 108 L.Ed.2d 876 (1990); *City of Boerne v. Flores*, —— U.S. ——, ——, 117 S.Ct. 2157, 2171, 138 L.Ed.2d 624 (1997).

7. West further claims that the defendants' failure to give him notice of the meeting violated his constitutional right to due process of law. The defendants are not alleged to be state actors, however, and the Fifth Amendment has no application.

Finally, West alleged in his complaint that two of the defendants assaulted him on October 5, 1992. The complaint was filed on or about August 31, 1995, however, and the assault count was therefore time-barred under the applicable statute of limitations. *See* D.C.Code § 12–301(4) (1995).